## TRAHERN, Ex'r, v. MULKEY.

No. 20929. Opinion Filed May 17, 1932.

Rehearing Denied June 7, 1932.

Blanton, Osborn & Curtis, for plaintiff in error.

R. E. Bowling, for defendant in error.

KORNEGAY, J. This is a proceeding in error to review the action of the district court in rendering a judgment in favor of the defendant in error, Carl Mulkey, against Louis Trahern, as the executor of the estate of James W. Trahern, deceased, for the sum of $290 and costs.

According to the case-made, there was a petition filed on the 6th of August, 1927, for the recovery for medical attention to the wife of the testate of the plaintiff in error. After a motion to make more definite and certain, a general denial was filed to the petition, and later a first amended petition on the 23rd of March, 1928, was filed, which set out in detail the visits and medical attention claimed to have been given to the wife of the defendant at Albuquerque, N. M. The amended petition claimed that about the 6th of July, 1926, the plaintiff was called to see the wife of the defendant, who was sick in a hospital at Albuquerque, and that at that time she was in a very serious condition and needed medical services, and such were rendered to her for about twelve months, and some was paid on the account, leaving a balance of $336.

The allegation was further made that the plaintiff was informed by the patient that her husband, James W. Trahern, had instructed her to employ medical aid, and that she had come from their home in Pauls Valley upon the request and advice of her husband, and had traveled to Albuquerque, N. M., for the reason that she was suffering from pulmonary tuberculosis, and it was necessary for her to go to a different climate and there obtain medical service of some physician specially trained and prepared to treat pulmonary tuberculosis. The further statement is contained in the petition as follows:

"* * * That the said Mrs. James W. Trahern, acting as the agent of her said husband, James W. Trahern, employed this plaintiff to render medical assistance to her."

There was a prayer for judgment with 6 per cent. interest from the 12th of June,

1927, and an itemized statement, showing the treatments to the deceased.

An answer was filed to this amended petition on the 29th of May, 1929, which was a general denial and unverified, the answer, omitting the caption, being as follows:

"Now comes Louis Trahern, as executor of the estate of J. W. Trahern, deceased, and for answer to plaintiff's amended petition filed herein, denies each and every allegation and statement of fact made or contained in said amended petition.

"Wherefore, having fully answered defendant prays that plaintiff take nothing by reason of this action, and that the estate of J. W. Trahern, deceased, be discharged with its costs.

"Blanton, Osborn & Curtis,
"Attorneys for Defendant."

There appears a motion to revive the action, and it appears that the action was revived, and was tried upon the pleadings of the plaintiff that were in existence during the lifetime of the husband. The testimony showed that they were living together as man and wife, and that the woman was afflicted with tuberculosis and in the last stage of it, and that she had been at Talihina, and finally she had gone to Albuquerque, N. M., under the advice of physicians.

The testimony of the plaintiff appeared by deposition that was taken at Albuquerque on the 30th of December, 1927, the plaintiff being represented by attorney W. A. Keleher, and the defendant being represented by O. N. Marron. The account was set out in the deposition and was verified, and according to the deposition the doctor was well versed in the treatment of tuberculosis and had applied the most modern methods of treatment, designated in the deposition as the "pneumothorax," and the charges were the usual charges for that treatment by doctors of standing at Albuquerque. There were some technical objections urged to the deposition and to the method of attachment of the itemized account, that were overruled, that do not appear to have been insisted upon very strongly in the briefs later filed.

The defendant established by the clerk that a divorce proceeding was filed by Sue Trahern against James W. Trahern, for divorce and alimony, but was later dismissed. The details of it, however, were not brought into the evidence, but it appears to have been filed on the 17th of January, 1927, and dismissed after the plaintiff died. There was some evidence introduced as to where the wife had been treated before going to Albuquerque, and she had been at Talihina and also at Oklahoma City. She evidently was not satisfied at Talihina or at Oklahoma City, and finally she went to Albuquerque in order to have a change of climate, her husband remaining at Pauls Valley, but he appears to have sent her money part of the time while she was there, not sufficient to pay her expenses, as she required attention in the sanitarium and a nurse and medical attention, the left lung being practically gone.

Some checks were introduced in evidence by the executor, showing that the husband had sent her some money, beginning in the summer of 1926, but ending about Christmas time, and there were some statements in the testimony of plaintiff in error, defendant below, about his having agreed to pay $60 or $65 a month on her expense account there.

However, he did not send near that much to her while she was there. There was some evidence that Mr. Thompson had sued the executor and gotten a judgment and it was paid. There was a check for $65 signed by James W. Trahern, and also one for $90, and a check for $55 signed by Trahern, and one for $35 signed by Trahern, and one for $50 and one for $10 payable to his wife, and one for $50 signed by Trahern payable to Bowling & Farmer. However, the amount of these checks would not amount to the $60 or $65 a month that was agreed to be paid to some one on account of her being in Albuquerque. It is clear that the amounts paid by the husband were not at all sufficient to take care of the wife in her condition, and that had not the plaintiff or some one else given her medical attention, she would not have gotten it, so far as the amount paid by the testate is concerned.

Briefs have been submitted on both sides, and about the same provisions of the statutes are relied on by each of the parties, and 13 assignments of error based on insufficiency of evidence and refusal of certain requested instructions, and the giving of instructions. The court charged the jury as follows:

"Gentlemen of the Jury: In this case the plaintiff, Carl Mulkey, sues the defendant, J. W. Trahern, for $336 for medical services which he alleges was rendered by him to one Susan Trahern, the wife of the defendant.

"The defendant, J. W. Trahern, has since the institution of this suit died and Louis Trahern has been appointed his administrator, and is now defending the suit as such administrator.

"The defendant through his administrator denies that such services were rendered by the plaintiff to the said Susan Trahern, or that the amount sued for is a reasonable charge for such services as were rendered if any were in fact rendered, and denies that defendant is liable for the value of such services.

"It is the duty of a husband under the law to provide for the support of his wife, and in the event he fails and refuses to so provide, any other person may supply such goods, funds or services as are reasonably necessary for her care and maintenance and may collect the value thereof from the husband. This, however, does not apply when the husband has not failed to so provide for the necessities of his wife, or when the wife has abandoned the husband or is living separate and apart from her husband, without just cause.

"In this case, if you find from a preponderance of the evidence that the said Susan Trahern, the wife of the defendant, J. W. Trahern, was on account of ill health compelled to leave Oklahoma and go to Albuquerque, N. M., in an effort to preserve her life or restore her health, and that while there it was necessary that she have medical attention, and you further find that the plaintiff rendered her such medical services, and that such services were necessary, then and in that event the plaintiff would be entitled to recover of the defendant the reasonable value of the services so rendered, and you should find for the plaintiff. If you further find that defendant failed to provide suitable medical services for said wife.

"Excepted to by defendant and exception allowed. W. G. Long, Judge.

"If you find from the evidence in the case that the husband made and provided suitable and proper medical treatment for his wife, and that it was not necessary that his said wife should go to Albuquerque for treatment, or that she should have had the treatment provided by the plaintiff, then and in that event your verdict should be for the defendant.

"Excepted to by defendant and exception allowed. W. G. Long, Judge.

"The burden is upon the plaintiff to prove his cause by preponderance of the evidence. By preponderance is not meant the greater weight of the evidence; not necessarily the greater number of witnesses, but that testimony which seems to you to be the stronger and more convincing."

The jury found for the plaintiff in the amount of $290 by unanimous verdict. Under the evidence, they could not well have found otherwise. By the marriage ceremony, generally used, the husband agrees to take the woman for better or worse and care for her in sickness and in health. Our statute makes the duty obligatory, in the condition such as this woman was in, for the husband to furnish necessary medical attention, and his estate is made liable to furnish the medical attention absolutely necessary, that this evidence shows was furnished his wife. Under our statute, an allegation of agency as made here is admitted, unless denied under oath. During the lifetime of the husband, the pleadings were framed under which the case was tried. The allegation of agency of the wife to contract for medical services on behalf of the husband appears to be expressed in the petition. There is no special denial of this, and section 287, C. O. S. 1921, is as follows:

"287. Verification of denial required, when. In all actions, allegations of the execution of written instruments and indorsements thereon, of the existence of a corporation or partnership, or of any appointment of authority, or the correctness of any account duly verified by the affidavit of the party, his agent or attorney, shall be taken as true unless the denial of the same be verified by the affidavit of the party, his agent or attorney."

See Ft. Smith & W. R. Co. v. Solsberger, 38 Okla. 40, 131 P. 1078, and Chicago, R. I. & P. Ry. Co. v. Mitchell, 19 Okla. 579, 101 P. 850.

We think that, so far as the case is concerned, the duty rested upon the husband to supply the things sued for, and the evidence shows they were not supplied by him, and his estate should be held liable therefor, and that the court below in rendering the judgment did not commit error, and that the jury were not misdirected as to the law in the case. The charge fairly stated the applicable law.

We have examined the authorities relied upon for reversal of the case, and we do not think that under those a reversal is justified in this case. It is accordingly affirmed.

CLARK, V. C. J., and RILEY, HEFNER, CULLISON, SWINDALL, and McNEILL JJ., concur. LESTER, C. J., and ANDREWS, J., absent.

Note.—See under (2), 47 L. R. A. (N. S.) 283; 21 R. C. L. 411; R. C. L. Perm. Supp. p. 5055.