## MILSAP v. KAHN.

No. 22933.   Oct. 8, 1935.

H. A. Grove, for plaintiff in error.

Art Stanton, for defendant in error.

PER CURIAM.   This action was originally instituted in the court of common pleas of Tulsa county, Okla., by Max Kahn against Mr. and Mrs. Noah Milsap for rents due and owing to plaintiff on a dwelling house in Sand Springs.   Subsequent to the filing of the original petition, an amended petition was filed by plaintiff, Kahn, against Noah Milsap and Nell Milsap, who were husband and wife.

The only answer filed by the defendant was a general denial to the original petition. It is admitted in the record that the amount sued for was past due and owing to this plaintiff.   A default judgment was rendered against both of the Milsaps for the amount sued for.   Subsequent thereto this default judgment was set aside as to Nell Milsap, the plaintiff in error herein, and her husband did not appeal and this judgment became final as to him.

The only question involved is the liability of Nell Milsap for the payment of this rent, or any part thereof, on this dwelling house. A jury was waived by both parties and the cause tried before the court.

The essential facts in the case disclose that some two or three years prior to April 11, 1930, the Milsaps rented the residence property from the plaintiff through one of the plaintiff's agents at a monthly rental of $35. and shortly thereafter a garage was built on the premises and the rent raised to $40 per month.   From the time the Milsaps rented this property, they occupied the same as a residence and home until October 31, 1930.   All rents were paid upon this property up to April 11, 1930, and the plaintiff's evidence disclosed that approximately two months after April 11, 1930, Nell Milsap, plaintiff in error, came to his apartment and there agreed to pay personally all rents accruing in the future, and also the past two months' rent which had already accrued. At the time the property was rented, Noah Milsap was employed by a motor company in Tulsa, Okla., and Nell Milsap was employed as a school teacher in the schools at Sand Springs.   Noah Milsap's employment ceased some time prior to April 11, 1930, and this occasioned Nell Milsap to interview the plaintiff pertaining to the rents, and the evidence of the plaintiff disclosed that upon his promise to forego the collection of the future rents until school opened in Sand Springs, where Nell Milsap was employed, she would personally pay all future rentals on this dwelling property; this occurring approximately two months subsequent to April 11, 1930, and the property was vacated October 31, 1930.

Nell Milsap, plaintiff in error, denied that she agreed to pay the future rentals or the two months' rentals that were due at the time of her interview with Kahn. On these controverted issues, the court found in favor of Kahn and against Nell Milsap for all rentals accruing from the time of their interview to the time the property was vacated, but refused to charge Nell Milsap with the two months' rentals due at the time of said interview.

Plaintiff in error first contends that the evidence is insufficient to support the judgment. With this contention we cannot agree. There was a sharp conflict in the testimony on this point between Nell Milsap and the defendant in error, and the issues were found in favor of Kahn.

In the case of Barnett v. Barnett et al., 78 Okla. 249, 189 P. 743, this court held that in a law action where a jury is waived by the parties and the case tried to the court, a general finding in favor of one of the parties will upon appeal to this court be given the same weight as if the judgment had been based upon the verdict of a jury. And this being a law action and the court having found in favor of Kahn on this controverted issue, this court will not disturb the judgment on this ground.

Next the plaintiff in error contends that the statute of frauds applies in this case. It is clear from the amount of the trial court's judgment that she was not charged with the payment of any rents which she contends her husband only was liable for, but only charged with rents accruing subsequent to her interview with Kahn, at which time the court found she agreed personally to pay the future rentals. This alone completely eliminates this question.

Lastly, the plaintiff in error urges that she could not be liable for any rent upon this dwelling house for the reason that it is the husband's duty to furnish the same. It is true that if not incapacitated, it is the husband's duty to support his wife by his labor or out of his property, but, in our opinion, and we hold that notwithstanding this duty, if the wife contracts with a third party for such necessities and personally agrees to pay for the same, she then is individually liable therefor.

Our statute, section 9391, O. S. 1931, provides as follows:

"All persons are capable of contracting except minors, persons of unsound mind, and persons deprived of civil rights."

In addition to this authority, in 30 C. J., page 601, this rule is found:

"Whether a person who sold goods to a wife gave credit to her alone or to her husband or some one else is a question of fact for the determination of the jury."

And, likewise, in 13 R. C. L. p. 1196, this authority states:

"As illustrative of the comprehensiveness of the term 'family expenses,' it may be mentioned that married women have been held liable for various articles of household utility; a buggy bought for and used by the family; medical attendance on a member of the family, even such services rendered the husband while separated from his wife; jewelry purchased for and used by a member of the family; the rent of a house occupied by the family; clothes or wearing apparel purchased by the husband for his own personal use; a piano or organ purchased and used in the family; and wages of domestic servants and their keep. * * *"

These authorities are a complete answer to the last contention made by the plaintiff in error.

The defendant in error requests this court in his brief to render judgment upon a supersedeas bond, but since the original or a certified copy of same is not embraced in the record, this court, at this time, cannot render such judgment under its rules.

Finding no error in the record, the judgment of the trial court is affirmed.

The Supreme Court acknowledges the aid of Attorneys Paul D. Sullivan, Ben F. Saye, and Cham Jones in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Sullivan and approved by Mr. Saye and Mr. Jones, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., and RILEY, BUSBY, PHELPS, and CORN. JJ., concur.