ROGERS v. JONES et al.

No. 31071. March 28, 1944.

*147 P. 2d 164.*

J. C. Wright, of Okemah, and Logan

Stephenson, of Tulsa, for plaintiff in error.

Stephenson & Stephenson, of Okemah, and John Morrison, of Oklahoma City, for defendants in error.

OSBORN, J. This action was brought in the district court of Okfuskee county by the plaintiff, Harry H. Rogers, to obtain a judgment on two promissory notes and to foreclose a real estate mortgage executed by the defendants, John F. Jones and Sula Jones. The cause was tried to the court and judgment rendered for the plaintiff for $26 and interest and attorney's fees, from which judgment the plaintiff has appealed. The parties will be referred to as they appeared in the trial court.

The record shows that the plaintiff had represented the defendant, John F. Jones, as his attorney for a number of years, chiefly in adjusting various debts owing by Jones. It shows that the plaintiff rendered services for the defendant in adjusting certain erroneous tax assessments. The plaintiff claimed to have adjusted a settlement of a $2,500 note executed by defendants and payable to the First National Bank of Okemah, and which had been purchased by the Citizens State Bank of Okemah when the First National Bank was being liquidated. On a final settlement with the plaintiff for fees due him, the defendants executed to the plaintiff two promissory notes, one for $200 and the other for $700, secured by a real estate mortgage. The plaintiff alleged in his petition that he was the owner of a promissory note executed by defendant John F. Jones to Logan Stephenson for the sum of $143.31, upon which $87.50 had been paid, and judgment was asked for the balance. It is alleged in the petition that the $200 note above mentioned had been paid.

The defendants filed their answer admitting the execution of the notes for $200 and $700 and the payment of the $200 note, but pleaded failure of consideration, based upon the contention that the plaintiff had secured from the county commissioners orders reducing the taxes upon defendants' property in the amount of $3,200, and that in payment of fees therefor defendants executed the notes with real estate mortgage sued upon; that the $200 was paid, but prior to the time the $700 became due the defendants were advised that the orders reducing the assessments on defendants' property had been declared void and of no effect, and by reason thereof there was a failure of consideration for the note and mortgage sued upon, and that plaintiff is indebted to the defendants in the sum of $200, with interest thereon, for which judgment is asked. Defendants further alleged that they were not to pay plaintiff for such tax reduction if such reduction was not valid. The plaintiff replied denying the allegations of defendants' answer.

The court found that the plaintiff had charged defendants the sum of $400, being 20 per cent of $2,000, claimed by plaintiff to have been saved defendants on the $2,500 note, and that the $400 was a part of the $700 evidenced by the note and mortgage sued upon, but that the plaintiff did not cause the reduction in settling the note for $500. The plaintiff contends that there was no pleading upon which to base such a finding by the court; that the answer of the defendants made no reference to a failure of consideration except as to the reduction of the taxes, and that there was no application or motion to amend the answer to allege failure of consideration in securing reduction in settlement of the Citizens State Bank notes.

As to that contention, the record shows that the defendants introduced testimony in denial of plaintiff's contention relative to his effecting the settlement on the note. There was no objection to the introduction of the evidence, and the witnesses were cross-examined by plaintiff's attorney and an issue was made in the trial upon the contention. It would have been proper for the defendants to have asked permission to amend their answer so as to include this contention and conform to the testimony, but failing to do so, under the facts presented, it may be considered as

amended. Gearhardt v. Moulder, 85 Okla. 200, 205 P. 141; Hunt v. Tulsa Terrazzo & Mosaic Co., 157 Okla. 174, 11 P. 2d 521; Lamb v. Ulrich, Rec., 94 Okla. 240, 221 P. 741; Metropolitan Life Ins. Co. v. Keith, 170 Okla. 440, 41 P. 2d 121, and many other cases cited.

The value of the services, the consideration for the note of the plaintiff, was a controverted fact. The plaintiff contends that the court erred in finding that there was a failure of consideration in the amount of $639. We are precluded from considering the question of consideration, because the findings of the trial court are based upon conflicting evidence. In such cases it is settled by many decisions that the findings of fact of the trial court, where jury is waived, will not be disturbed if supported by any evidence reasonably tending to support the same. Milsap v. Kahn, 174 Okla. 158, 49 P. 2d 729; Yellow Taxicab & Baggage Co. v. New, 170 Okla. 334, 40 P. 2d 651; Terry et al. v. Water Improvement Dist. No. 5 of Tulsa County, 179 Okla. 106, 64 P. 2d 904.

Affirmed.

CORN, C.J., and RILEY, WELCH, HURST, DAVISON, and ARNOLD, JJ., concur.