Sarah DUNN and Horace W. Oates, Plaintiffs in Error,

v.

Laurissa SOUTHALL, Defendant in Error.

No. 39638.

Supreme Court of Oklahoma.

July 3, 1962.

Remington Rogers, E. P. Litchfield, Jr., Tulsa, for plaintiffs in error.

William P. Huckin, Jr., Tulsa, for defendant in error.

IRWIN, Justice.

Laurissa Southall, hereinafter referred to as plaintiff, commenced an action against Sarah Dunn and Horace W. Oates for damages allegedly sustained as a result of an automobile collision. The jury returned a verdict in favor of plaintiff and judgment was rendered thereon. After a motion for a new trial was overruled, defendants, Dunn and Oates perfected this appeal.

Inasmuch as the contentions of the defendants do not relate to the cause of the accident, the facts surrounding the accident are immaterial and will not be discussed.

## PROPOSITION I

Defendants contend that the medical expenses sued for were necessary for the support of plaintiff within the meaning of Title 32 O.S.1961 § 10, and since plaintiff was a married woman, the obligation to furnish necessary medical expenses was upon her husband and plaintiff could not maintain the action for these expenses, unless these expenses were paid, or to be paid, out of her separate earnings. (See Enid City Ry. Co. v. Reynolds, 34 Okl. 405, 126 P. 193, wherein we held that a married woman living with her husband may recover for cost of medical treatment, if paid, or to be paid out of her separate earnings).

Defendants cite Trahern v. Mulkey, 157 Okl. 297, 11 P.2d 942, wherein we said a husband is required to furnish medical attention to a sick wife and if he fails to do so, he is liable to the one who furnishes such necessary medical attention.

Title 12 O.S.1961 § 224, provides a married woman may sue and be sued in the same manner as if she were unmarried. Title 15 O.S.1961 § 11, provides that all persons are capable of contracting, except minors, persons of unsound mind, and persons deprived of civil rights.

In the case of Milsap v. Kahn, 174 Okl. 158, 49 P.2d 729, a married woman, living with her husband, both of whom were employed, agreed to pay certain rent on an apartment which they were then occupying. When the defendants failed to pay the rent, suit was instituted against both. The wife contended she could not be liable for the reason it was the husband's duty to furnish a residence. Therein we held:

"It is the duty of the husband to make sufficient provisions for his wife, including a residence in which to live, according to his ability and their station in life; but this fact does not prevent the wife from becoming personally liable for such provisions where she contracts with a third party for same and agrees to pay therefor."

In the instant action, the plaintiff was living separate and apart from her husband when the accident occurred; she was employed and was earning approximately $40.00 per week; the medical expenses, which included ambulance service, were contracted by her. We conclude that plaintiff could maintain the action for medical expenses.

## PROPOSITION II

Defendants contend plaintiff cannot recover damages resulting from the alleged back condition on the grounds that there was no medical evidence of a back injury and no evidence showing a causal

connection between the back condition and the accident.

Plaintiff testified she was able to work five to six days each week prior to the accident; while in the hospital she was unable to move around much or sit up because of soreness in her back muscles and was treated for the back condition by Dr. T, but derived no benefit from his treatment; that subsequent to the accident she had been able to work only three days per week because of trouble with her back. Although Dr. T, who treated plaintiff while she was in the hospital, was not called as a witness, Dr. P, who was called in by Dr. T, to take care of the fractured bones did testify. She testified that Dr. T was treating the back condition and only requested her to look after the fractured bones and for this reason did not examine or treat plaintiff for a back condition. She further testified she observed the plaintiff while she was in the hospital; that plaintiff had difficulty in rolling over in bed, in turning over and sitting up and she felt plaintiff had a muscular ligamentous strain or sprain of the back muscles; that she complained of muscle soreness in the back; that when she removed the cast, plaintiff was still complaining of the soreness in the muscles of her back and in September, 1960, about seven months after the accident, she examined the plaintiff and from the history given by plaintiff, from observing her in the hospital, and from her examination she concluded plaintiff had a muscular ligamentous strain of the back muscles and that the same can be very painful; that it will eventually clear up. Although plaintiff was examined by a physician of defendants' choice, defendants offered no testimony relating to the injuries of the plaintiff.

When all the evidence, medical and otherwise is considered, we think it sufficient to warrant the jury in finding a causal connection between the accident and the plaintiff's back condition. Jordan v. Johnson, Okl., 315 P.2d 234; and Hasty Messenger Service v. Simpson, Okl., 363 P.2d 370.

## PROPOSITION III

■ Defendants contend the verdict in the amount of $7,500.00 was excessive. It is the theory of defendants that plaintiff is only entitled to damages to her car in the sum of $100.00, loss of earnings for 10 weeks in the sum of $412.50, and pain and suffering for ten days from the fractured bones.

In Jones v. Eppler, Okl., 266 P.2d 451, 48 A.L.R.2d 333, we held:

"In an action for damages for personal injuries sustained, the court will not set a judgment aside because of excessive damages, unless the amount awarded clearly shows that the jury was actuated by passion, partiality, or prejudice."

See also Jordan v. Johnson, supra.

Considering all the evidence in connection with the elements of damages to which plaintiff may have been entitled, we can not conclude that the amount awarded clearly shows the jury was actuated by passion, partiality, or prejudices.

## PROPOSITION IV

Defendants contend the failure of the trial court to instruct on decisive issues requires a reversal. The defendants did not object to any of the instructions given, nor did they present any requested instructions or call the attenion of the trial court to lack of instruction on any issue. Defendants state in their brief, "These stock instructions stated the law and the verdict was contrary thereto because of the complete failure of proof that plaintiff's backaches were the direct and proximate result of the negligence of the defendants". In as much as we have held adversely to the defendants on their contention that the evidence was insufficient to sustain a verdict and judgment that plaintiff's back condition was the direct and proximate result of the accident, such holding effectively disposes of this issue.

Finding no error in the record, the judgment of the trial court is affirmed.