The FIDELITY & CASUALTY COMPANY OF NEW YORK, a Corporation, Plaintiff in Error,

v.

Laurissa SOUTHALL, Sarah Dunn, Horace W. Oates and Automobile Club Insurance Company, Defendants in Error.

No. 41019.

Supreme Court of Oklahoma.

Nov. 21, 1967.

Sanders, McElroy & Whitten, Tulsa, for plaintiff in error.

William P. Huckin, Jr., Tulsa, for defendant in error, Laurissa Southall.

BLACKBIRD, Justice.

This case involves garnishment proceedings in Tulsa County District Court's Cause No. 99499, in which a judgment of $7500.00 in damages obtained by Laurissa Southall, as plaintiff, against Sarah Dunn and Horace W. Oates, as defendants, for injuries to her person and automobile, as a result of an automobile collision, was affirmed in Dunn v. Southall, Okl., 373 P.2d 35.

Thereafter, the defendant Dunn's insurance carrier, Automobile Club Insurance Company, hereinafter referred to as "AC", satisfied $5,000.00 of said $7500.00 joint judgment by paying Southall that coverage limit of said defendant's policy with said Company.

Thereafter, when Southall attempted, by garnishment proceedings, to obtain satisfaction of the twenty-five-hundred-dollar unsatisfied balance of her judgment out of money, or assets, she evidently thought Sarah Dunn's co-defendant, the other judgment debtor, Oates, had in the custody of a Tulsa Bank, Oates commenced efforts to compel AC Insurance Company, as a garnishee, to pay that part also, and to obtain damages against AC by suing it in Cause No. 64116, of Tulsa County's Common Pleas Court for its alleged negligence, not only in failing to obtain a settlement of Dunn v. Southall, supra, at a figure less than the amount of the judgment Southall later obtained therein, but also in the manner in which the attorneys, procured to represent Sarah Dunn and him (as "an additional insured" under the policy said Company had issued to her) had handled their defense in the trial of that case.

In his affidavit for the garnishment of the AC Company, Oates alleged most of the same facts concerning said Company's alleged neglect of his and Sarah Dunn's interests in the matter of Laurissa Southall's chose in action against them, as he alleged in the Common Pleas Court Cause No. 64116, supra, against said Company.

The particular phase of the controversy directly involved in this appeal, began when Southall, the judgment creditor, proceeded in garnishment against Oates' insurance carrier, the plaintiff in error, hereinafter referred to as "garnishee".

Pursuant to the court order served upon it to reveal whether or not it was indebted to Oates, this garnishee took the position, in its answer to the order, that, if it had any obligation to indemnify Oates against such a judgment as Southall had obtained against him and his co-defendant in the Dunn Case, supra, it was only "excess liability", that did not accrue until the "primary" insurance carrier (AC) had discharged all of its obligations to both the judgment creditors (Oates, as well as Dunn). As evidence that the AC Company had not yet done this, said garnishee attached to its answer, as "Exhibit A", a copy of Oates' petition in the Common Pleas Court Cause No. 64116, supra.

After a hearing on the garnishee's answer, at which it was stipulated that if Oates were present as a witness "he would testify to everything in" the affidavit he had filed for the garnishment of the AC Insurance Company, and copies of Dunn's policy from AC, and Oates' policy from the present garnishee (plaintiff in error), were both introduced in evidence, the court entered the order complained of in this appeal, decreeing and directing this garnishee to pay into the Clerk of said Court to await distribution pending disposition of the Common Pleas Court Cause No. 64116, supra, the sum of $2500.00 plus interest from the date of the garnishment summons issued for said garnishee. After the overruling of its motion for a new trial, this garnishee lodged the present appeal on original record.

The garnishee's sole proposition for reversal is as follows:

> "The Trial Court erred in holding that a judgment creditor has the right to garnishee an excess insurance carrier of the judgment debtor when there is a controversy and suit pending between the judgment debtor and the primary insurance carrier to determine whether or not the primary insurance carrier has discharged all of its liability on behalf of the judgment debtor."

In its argument under this proposition, the garnishee attempts to show that, on the basis of the evidence that must be considered as introduced under the above mentioned stipulation of counsel, it was established that the other insurer, the AC Company, had not discharged its duties to Dunn and Oates in the matter of protecting them against liability, in excess of its policy limits. The legal conclusions drawn in said argument from what may be accepted as the facts concerning AC's neglect in that regard are disputed by counsel for the defendant in error, Laurissa Southall (hereinafter referred to as "garnisher") as not contemplated in the stipulation he made with this garnishee's counsel at the trial; but, regardless of the truth, or untruth, of the charges made regarding AC's neglect in the handling of the controversy which resulted in the seventy-five-hundred-dollar judgment in the Dunn Case, supra, perhaps the least that can be said of AC's potential liability to this garnishee's insured, Oates, is that it is "contingent", or dependent, upon the outcome of the Common Pleas Court case (No. 64116, supra). Garnishee contends that, by the same token, its "excess liability", under the "Other Insurance" provisions of the policy it issued Oates, is also contingent and unliquidated, until that case is tried and a final judgment entered therein. As demonstrating that such a contingent liability is not garnishable, garnishee cites the provisions of Tit. 12 O.S.1961, § 1186. The only part of said statute which the garnishee relies upon, as prohibiting its garnishment in this case, is as follows:

> "No judgment shall be rendered upon a liability of the garnishee arising—
>
> \* \* \* \* \* \*
>
> "Fourth, By reason of any money or other thing owing from him to the defendant, unless before judgment against the defendant it shall become due absolutely and without depending on any future emergency.
>
> \* \* \* \* \* \*."

It may be conceded that the AC Insurance Company's liability, if any, to Dunn and Oates for the way in which it handled Laurissa Southall's claim against them (out of which the Dunn Case, supra, evolved) will not "become due absolutely" until Cause No. 64116, supra, is tried and a final judgment entered therein; and garnisher's argument is to the effect that it may never be tried, and that Oates might never have instituted such an action, in either of which events, she (Southall) "might wait in vain and perhaps forever" to collect from this additional insurer the rest of her judgment in the Dunn Case, supra.

There is an important difference between the kind of cause of action, and potential liability, involved in Oates' suit against AC Company pending in the Common Pleas Court (No. 64116, supra) and the obligation that the garnisher in the present District Court garnishment proceedings is attempting to enforce against garnishee under the "Other Insurance" provisions of its insurance contract or policy with Oates. This provision is as follows:

> "Other Insurance
>
> "If the insured has other insurance against a loss covered by Part III of this policy, the company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability of this policy bears to the total applicable limit of liability of all valid and collectible insurance against such loss; provided, however, the insurance with respect to a temporary substitute automobile or non-owned automobile shall be excess insurance over any other valid and collectible insurance."

It will be noted from the above quoted provision of its insurance policy with Oates, that this garnishee's "excess liability" is dependent upon other insurance, or insurance coverage, which is a matter of specific contractual provision. This is not the same, nor does it necessarily include an insured's other, or ancillary, "policy rights", such as the right to be defended in an automobile collision case, for a breach of which, the insurer may be liable to its insured in an action *sounding in tort*. In this connection notice 6 Am.Jur.2d, "Attachment and Garnishment", §§ 165, 164, Note 11, 135, Note 16, and 132. As to related matters, see § 166, note 4 of the same Work. More pertinent to the exact question before us is the following statement in 7 Am.Jur.2d, "Automobile Insurance", § 159:

> "* * * it has been held * * * that a garnishment proceeding by judgment creditors of the insured *will not lie* against the insurer on the ground that *it was negligent or acted in bad faith in failing to settle the claims against the insured* for the reasons that *the insured's cause of action sounds in tort* and is therefore *an unliquidated tort claim* and that it is *not a chose in action subject to garnishment.*" (Emphasis added.)

In a recent opinion of the Supreme Court of Colorado, the same view is held of the kind of cause of action Oates is prosecuting against AC Insurance Company in Cause No. 64116, supra. It is of the same character as the one that Court, in Steen v. Aetna Casualty & Surety Company, 157 Colo. 99, 401 P.2d 254, said Morton and Sydney Kornbluth had against Aetna, in the following language:

> "* * * If in fact it (Aetna) were negligent and acted in bad faith as to the Kornbluths, as asserted, such has not yet been determined.

> * * * * * *

> "Should they desire so to complain, it will, perforce, have to be in a tort action not subject to garnishment proceedings, unless and until reduced to judgment.

> * * * * * *."

In accord with the foregoing, we hold that the argument of the garnishee, the Fidelity & Casualty Company of New York, shows no valid reason why garnishment should not lie against it in this case, nor any sufficient ground for reversing the order and/or judgment of the trial court. Said order and/or judgment is therefore affirmed.

All the Justices concur.