No. 20820.

ALGIE STEEN *v.* AETNA CASUALTY AND SURETY CO.
(401 P.2d 254)

Decided April 26, 1965.

MARTIN ZEROBNICK, SHELDON S. EMESON, for plaintiff in error.

JOHN P. BECK, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE SUTTON.

ALGIE STEEN, plaintiff in error, secured a judgment in the trial court in the sum of $23,862.02 against Morton and Sydney Kornbluth for personal injuries and property damages resulting from an automobile accident in Denver, Colorado, on January 27, 1960. An additional judgment in a lesser amount was awarded Steen's wife in the same action.

The Kornbluths were covered by a public liability insurance policy issued by the Aetna Casualty and Surety Co. with a $10,000.00 limit. Aetna paid this sum plus interest and costs into court following the entry of judgment.

The instant action is an ancillary garnishment proceeding under Rule 103, R.C.P. Colo., whereby Algie Steen seeks to compel Aetna to pay him the difference between his judgment and the $10,000.00 which Aetna admittedly owed. The averred basis for Steen's garnishment action is that he alleges that Aetna had the opportunity to settle the claim for less than the policy amount before trial but due to a lack of good faith failed to do so and is therefore liable for the overage. This allegation is particularly brought into focus by the assertion

that Aetna failed to interview a key witness before trial, and that had it done so it could and would have determined that there was no valid defense to the action.

In the trial court Aetna objected to the entire garnishment proceedings; notwithstanding, the trial court conducted a hearing and thereafter ruled in pertinent part as follows:

"It is the opinion of the Court that there was nothing in the policy, either expressly or impliedly making the garnisher privity in contract with the insured, Morton Kornbluth, et al.; that the evidence indicated that if there is a claim against the garnishee insurance company that it would be in the nature of a tort. The cases almost invariably hold that in order to make the insurer liable in the kind of claim as is presented here, there must be either bad faith or negligence, or both, on the part of the insurer, or if there is no tort there must be some privity of contract between the judgment creditor and the insurer for garnishment to lie. Garnisher produced no case supporting its position in this matter. Therefore, on the narrow grounds that garnishment is not the proper remedy in this case, the Court sustains the objections of the garnishee.

"The case is dismissed."

The basic issue posed on writ of error is whether the dismissal was correct? We hold that it was.

Aetna, by virtue of its contract is liable for — and has paid in — the sum of $10,000.00. If in fact it were negligent and acted in bad faith as to the Kornbluths, as asserted, such has not as yet been determined. Furthermore, we note that the Kornbluths have evidently not complained in court about Aetna's alleged conduct. Should they desire so to complain, it will, perforce, have to be in a tort action not subject to garnishment proceedings, unless and until reduced to judgment. Steen, a stranger to the insurance policy involved, as a garnisher, can have no claim against Aetna, as garnishee, unless and until such transpires.

In a similar proceeding, with regard to whether a tort claim like the instant one could be adjudicated in a garnishment procedure, the Supreme Court of Utah, in the case of *Paul, et al., v. Kirkendall, et al., v. Maryland Casualty Co.,* 6 Utah 2d 256, 311 P.2d 376 (1957), said the following:

"To do so compels the garnishee to enter into combat with an adversary other than its insured and do battle with one who had never had any contract relation with him."

Accord: *Murray, et al., v. Mossman v. Aetna Casualty & Surety Co.,* 56 Wash. 2d 909, 355 P.2d 985 (1960).

Here Aetna owed no duty to Steen and particularly owed him no duty to accept what may now be deemed to have been a reasonable offer of settlement. As a matter of fact, by Aetna's conduct, whether justified or not, Steen was benefited rather than harmed by Aetna's refusal to settle, for instead of the lesser sums once considered acceptable by the Kornbluths for settlement, Steen already has received (or is entitled to receive) the sum of $10,000.00 paid into the court under the policy for his benefit.

The judgment is affirmed.

MR. JUSTICE FRANTZ and MR. JUSTICE McWILLIAMS concur.