194 So.2d 285 (1967)
PEERLESS INSURANCE CO., a New Hampshire Corporation, Appellant,
v.
Ruth M. SHEEHAN, Appellee.
No. 7082.
District Court of Appeal of Florida. Second District.
January 13, 1967.
Rehearing Denied February 14, 1967.
H.O. Pemberton, of Keen, O'Kelley & Spitz, Tallahassee, Mann, Harrison, Mann & Rowe, St. Petersburg, for appellant.
Gilman M. Hammond, of Hammond & Holman, Pinellas Park, Parker & Battaglia, St. Petersburg, for appellee.
*286 LILES, Acting Chief Judge.
Appellant, defendant below, appeals an adverse judgment rendered by the Circuit Court in favor of appellee in the amount of $9,991.43.
Appellee, plaintiff in the trial court, was involved in a three-way automobile accident with one Renne R. Allred, a resident of Texas, and John L. Lee and his wife. She brought suit against Allred and the Lees which resulted in a jury verdict adverse to plaintiff. On appeal to the District Court of Appeal, First District, the case was reversed and remanded, the court holding that the trial judge erred in denying plaintiff's motion for a directed verdict on the issue of liability. Sheehan v. Allred, 146 So.2d 760 (D.C.A.Fla. 1962). A new trial was scheduled, and Allred was notified of this fact by counsel retained by appellant insurance company to represent him. He chose not to appear at this trial, and a motion by appellant's counsel to withdraw as counsel of record for Allred was granted by the trial court. Plaintiff subsequently obtained a judgment against Allred. Plaintiff then brought suit against appellant to enforce her judgment. The case was heard without a jury, and a final judgment was entered against appellant.
Appellant argues first that plaintiff's proper remedy was garnishment proceedings in the court where she obtained the judgment against Allred, i.e., in Leon County, and that the Circuit Court for Pinellas County had no jurisdiction to entertain the suit.
The customary procedure when one has obtained a judgment is to pursue execution of that judgment by way of execution or garnishment. In the instant case, however, plaintiff chose to rely on that part of the insurance contract between appellant and Allred which provides:
"6. Action Against Company  Part I: No action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of this policy, nor until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the company.
"Any person or organization or the legal representative thereof who has secured such judgment or written agreement shall thereafter be entitled to recover under this policy to the extent of the insurance afforded by this policy. No person or organization shall have any right under this policy to join the company as a party to any action against the insured to determine the insured's liability, nor shall the company be impleaded by the insured or his legal representative. Bankruptcy or insolvency of the insured or of the insured's estate shall not relieve the company of any of its obligations hereunder."
We construe the above-quoted section of the policy to provide plaintiff with the remedy of a direct suit against the insurance company, and thus she was not restricted solely to garnishment proceedings. Compare, Auto Mutual Indemnity Co. v. Shaw, 134 Fla. 815, 184 So. 852 (1938). It is of little protection to resident motorists if insurance companies are allowed to enter into such contracts and then allowed to evade the express provisions of such contracts simply because the remedy of garnishment is also open to one who has secured a judgment against an insured. We hold, then, that plaintiff properly brought her suit directly against appellant insurance company. While it is difficult to determine just exactly what appellant's argument regarding jurisdiction is, we find nothing in the record indicating the Circuit Court of Pinellas County did not have jurisdiction over the cause.
Appellant's next point is to the effect that the order of the Circuit Court for Leon County allowing appellant's counsel to withdraw as counsel of record determined *287 the failure of Allred to cooperate and was res judicata as to the rights of Allred and plaintiff against appellant.
We are of the opinion that the order allowing counsel to withdraw was that and only that, and that it made no determination of any fact other than simply to allow counsel to withdraw. Certainly the order could not constitute res judicata as to Allred's alleged breach of contract for failure to cooperate.
Appellant's final point is that Allred's refusal to attend the second trial constituted a lack of cooperation which relieved appellant from any further obligation to him under the policy. It has long been the general rule in Florida that before failure of an insured to cooperate relieves an insurance company from liability on its policy, it must be shown that such failure is material and substantially prejudices the company. In the instant case it was established that Allred did not wish to return to Florida for the second trial. It was also shown, however, that appellant failed to move for a continuance on the basis of Allred's lack of appearance or inability to appear. Neither did appellant move for a continuance in order to take Allred's deposition. Furthermore; Allred's testimony taken at the first trial was available. In Bordettsky v. Hertz Corp., 171 So.2d 174 (D.C.A.Fla. 1965), we said:
"* * * To constitute a breach of a `cooperation clause,' the lack of cooperation by the insured must be material, and the insurer must show that it was substantially prejudiced in the particular case by the insured's failure to cooperate. * * * Also, before the insurer can rely upon a breach of the cooperation clause it must show that it has acted with reasonable diligence to secure his attendance, and where such attempts are unavailing he may be required to take reasonable steps to obviate the prejudicial effect of such non-attendance by taking the insured's deposition or by seeking continuances until such time as his attendance can be secured. Continuing the cause without taking such action will amount to a waiver of the defense by the insured. * * *"
Appellant has failed to demonstrate that Allred's non-attendance at the second trial was substantially prejudicial to appellant or that it acted with reasonable diligence to obviate the effect of Allred's absence. The judgment appealed is therefore affirmed.
The motion to strike having previously been filed by appellee and deferred until hearing on the merits has become moot in view of this opinion.
Affirmed.
HOBSON, J., and SMITH, HAROLD S., Associate Judge, concur.