Argued September 10, 1969, affirmed February 11, petition for rehearing allowed September 9, reargued October 30, 1970, former opinion adhered to April 14, 1971

PRINGLE, *Appellant, v.* ROBERTSON, *Defendant,*

and

HARTFORD ACCIDENT AND INDEMNITY COMPANY, *Respondent.*

465 P2d 223
483 P2d 814

*George G. Van Natta,* St. Helens, argued the cause for appellant. With him on the briefs were Van Natta & Petersen, St. Helens, and William F. Schulte, Portland.

*Edwin J. Peterson,* Portland, argued the cause for respondent. With him on the brief were Charles R. Holloway, III, and Tooze, Powers, Kerr, Tooze & Peterson, Portland.

Before PERRY, Chief Justice, and McALLISTER, SLOAN, O'CONNELL, GOODWIN,* DENECKE and HOLMAN, Justices.

HOLMAN, J.

■ Plaintiff recovered a personal injury judgment against defendant Robertson in the amount of $170,000 after defendant's insurance company refused an offer to settle for $5,000, which was the policy limits of defendant's liability insurance policy. Defendant being insolvent, plaintiff now attempts to collect his judgment by bringing a garnishment proceeding against defendant's insurance company. He seeks to garnish "property" in the hands of the insurance company which belongs to insured, namely, the claim which defendant allegedly has against his insurance company for negligence and bad faith in failing to settle within the policy limits. The trial court ruled that the claim was not subject to garnishment, sustained the garnishee-insurance company's demurrer to plaintiff's allegations, and dismissed the proceedings. Plaintiff appealed.

The sole question to be decided in this case is whether such a cause of action against an insurance company is subject to a garnishment levied upon the company. Garnishment is a purely statutory proceeding. Therefore, strictly speaking, the present question is one of statutory interpretation. However, Oregon's statutes do not shed much light on the problem, as they refer only to "all other property" and "other personal property." ORS 29.140 and 29.170(3).

All judicial authority in the United States is to

---

* Goodwin, J., resigned December 19, 1969.

the effect that such a claim is not subject to garnishment. *Steen v. Aetna Casualty,* 157 Colo 99, 401 P2d 254 (1965); *Stilwell v. Parsons,* 51 Del (1 Story) 342, 145 A2d 397 (1958); *Jordon v. Shelby Mutual Insurance Company,* 175 So2d 233 (Fla App 165); *Powell v. Prudence Mut. Cas. Co.,* 88 Ill App2d 343, 232 NE 155 (1967); *Paul v. Kirkendall,* 6 Utah2d 256, 311 P2d 376 (1957); *Murray v. Mossman,* 56 Wash2d 909, 355 P2d 985 (1960); *Seguros Tepeyac, S. A., Compania Mexicana v. Bostrom,* 347 F2d 168 (5th Cir 1965). Plaintiff admits he can cite no case as direct authority for his position.

The following cases hold that the plaintiff has no independent cause of action of his own against defendant's insurance company: *Fidelity & Casualty Co. of New York v. Southall,* 435 P2d 119 (Okla 1967); *Ammerman v. Farmers Insurance Exchange,* 19 Utah2d 261, 430 P2d 576 (1967); *Seguros Tepeyac, S. A., Compania Mexicana de Seguros Generales v. Bostrom, supra; Chittick v. State Farm Mutual Automobile Ins. Co.,* 170 F Supp 276 (D Del 1958); *Tabben v. Ohio Casualty Insurance Co.,* 250 F Supp 853 (ED Ky 1966); *Wessing v. American Indemnity Co. of Galveston, Tex.,* 127 F Supp 775 (WD Mo 1955). Also see R. Keeton, *Liability Insurance and Responsibility for Settlement,* 67 Harv L Rev 1136, 1176 (1954).

The rationale for not allowing the injured party the benefit of the alleged cause of action for the insurer's misconduct is not always the same. Most of the cases hold that an insured's cause of action against his insurance company for negligence and/or bad faith in failing to settle plaintiff's claim sounds in tort. The garnishment cases which so hold say that an unliquidated tort claim is not subject to garnishment. The balance of the garnishment cases say that it does

not make any difference whether the alleged claim is in tort or in contract because, even if it is a contract claim, it is not subject to garnishment since fraud or bad faith has not yet been established. Some of the garnishment cases also hold that the cause of action is in the hands of defendant and, therefore, even if it can be subject to garnishment, it cannot be reached by garnishing the insurance company. They hold that all the company has is an exposure.

The cases which hold that the plaintiff has no independent cause of action against the insurance company say that the plaintiff is a stranger to the relationship between the insured and the insurer. Most of these cases say also that the plaintiff could not have been injured by the conduct of the insurance company, in any event, because plaintiff received everything he would have received had there been a settlement, plus a judgment for a greater sum.

Plaintiff contends that defendant's alleged cause of action against the insurance company is "property" within the meaning of the garnishment statutes because "property" is an all-encompassing term and because we held that such a cause of action is capable of assignment in *Groce v. Fidelity General Insurance Company*, 252 Or 296, 448 P2d 554 (1968). In *Groce* the insured defendant assigned his claim for the insurer's failure to settle within the policy limits to the injured plaintiff. We upheld the assignment and allowed plaintiff to bring an action against the insurer on the claim. For the purpose of securing attorney fees on the claim under ORS 736.325,[1] we held that the action was essentially on the insurance contract.

---

[1] Changed, as amended, to ORS 743.114 by Oregon Laws 1967, ch. 359, § 371.

Whether the claim is grounded in tort or in contract and whether or not the claim is capable of assignment, there is a further policy reason why the claim cannot be reached by garnishment. Plaintiff bears no more relationship to the insurance contract than does any other judgment creditor of the defendant. No duty was owed by the insurer to the plaintiff under the contract nor was plaintiff injured by the insurer's failure to settle. Therefore, plaintiff's only interest is that of a judgment creditor of the insured defendant. The plaintiff's judgment might just as well have resulted from defendant's failure to pay a note or from any other obligation. It is contrary to the policy of the law to permit a third party who has no direct interest in the cause of action to foster litigation of the kind involved here. Regardless of whether the claim is considered one in contract or in tort, the genesis of the claim is bad faith or negligence, or both. The law frowns upon third parties with no direct interest promoting litigation of this kind for gain. This is the reason for the rules preventing champerty and maintenance.

In this case, defendant made no assignment of his claim, nor has he indicated in any other way that he approves or authorizes the accusations made by plaintiff against the insurer. If it is possible for plaintiff to garnish and then prosecute defendant's claim without an assignment or other indication by defendant that he wishes to prosecute the claim, any judgment creditor may do the same as to any alleged claim held by a judgment debtor which is based on negligence or bad faith, whether or not the judgment debtor wishes to prosecute it. The result would be a legally enforced form of champerty in actions which are based on fraud and negligence. The following

quotation from *Ammerman v. Farmers Insurance Exchange,* 19 Utah2d 261, 430 P2d 576 (1967), is appropriate:

> "\* \* \* It is not the policy of the law to encourage litigation. Even if a party has been wrongfully injured there may be any number of personal reasons why he would prefer to let the matter drop than to bring a lawsuit. The privilege of deciding whether to do so should be up to him and not up to some third party to inject his interest into the matter." 430 P2d at 578.

The judgment of the trial court is affirmed.

## ON REHEARING

*William F. Schulte*, Portland, argued the cause for appellant on rehearing. With him on the briefs were Van Natta & Petersen, St. Helens.

*Edwin J. Peterson*, Portland, argued and reargued the cause for respondent. With him on the briefs were Tooze, Powers, Kerr, Tooze & Peterson, Portland.

Before O'CONNELL,* Chief Justice, and McALLISTER, DENECKE, HOLMAN, TONGUE, and HOWELL, Justices.

HOLMAN, J.

■ Plaintiff filed a petition for rehearing. The petition was allowed and the case was reargued. Plaintiff asserts that we were mistaken in stating in our original opinion that there was no judicial authority for his position. He is correct. We did err in making the statement. The case of *Shaw v. Botens*, 403 F2d 150 (3rd Cir 1968), which was decided about the time the present proceeding was first heard by this court, is authority for his position.

*Shaw* does not give the injured plaintiff a right to garnish and prosecute the defendant's claim against the insurance company because plaintiff has any in-

---

* O'Connell, C. J., did not participate in the decision of this case.

terest or right under the insurance policy. It construes Pennsylvania law to give that right to the injured plaintiff only as a judgment creditor of the defendant. Plaintiff concedes that any other creditor would have the same right to assert the claim who had a prior levy. The rationale of *Shaw* is that the defendant's right against the insurance company arises out of contract and is assignable and that the garnishment operates as an equitable assignment of the judgment debtor's rights against the insurance company. The case does not discuss whether it is desirable policy to let some third party determine whether the insured should assert that the insurance company has been negligent or guilty of bad faith in failing to settle the claim against him.

If it is good public policy, and we believe it is, not to allow third parties to decide whether such accusations should be made by way of judicial proceedings, it would seem to be irrelevant whether the duty of care and good faith was implied by the law because of a contract or whether the law imposed the duty in the absence of contract. A doctor's relation with his patient and a lawyer's relation with his client are contractual, and, because of this relationship, the law imposes a duty of care and good faith. Few, if any, would assert that claims against doctors and lawyers for malpractice should be garnishable and we are unable to distinguish between the implied obligations of doctors and lawyers to exercise care and good faith and those of the insurance company in the present instance. If "implied contractual duty" is the "sesame" that opens the door of garnishment, it may become slightly drafty within. It is important that the law not be perverted in an attempt to reach what, in this case, would seem to be a desirable result when there are

many similar situations which cannot be distinguished and in which the result sought would be undesirable and inappropriate.

It has been urged that the important matter for concern is the protection of persons injured in automobile accidents. It must be remembered, however, that the insurer has breached no duty which it owed to the injured plaintiff, and that the injured plaintiff was not harmed by the insurer's failure to settle. Had the case been settled, the injured plaintiff would have received no more money than it ultimately did receive. Therefore, the insurer's failure to settle could not have been the cause of any loss to plaintiff. R. Keaton, "Liability Insurance and Responsibility for Settlement," 67 Harv L Rev 1136, 1176-177 (1954).

We adhere to our original opinion.