**William E. NICHOLS, Plaintiff,**

v.

**UNITED STATES FIDELITY AND GUARANTY COMPANY and State Farm Mutual Automobile Insurance Company, Defendants.**

**No. DC 703-S.**

United States District Court,
N. D. Mississippi,
Delta Division.

Oct. 29, 1970.

Charles C. Finch, Batesville, Miss., for plaintiff.

Ross L. Franks, of Walker, Franks, Rone & Bridgforth, Hernando, Miss., for defendant United States Fidelity and Guaranty Co.

Jack F. Dunbar, of Sullivan, Dunbar & Smith, Clarksdale, Miss., Henry E. Barksdale, of Lipscomb, Barksdale, Steen & Caraway, Jackson, Miss., for defendant State Farm Mut. Auto. Ins. Co.

## MEMORANDUM OPINION

ORMA R. SMITH, District Judge.

This action is before the Court on motions to dismiss for failure to state a claim upon which relief can be granted, filed by defendants herein, each having filed a separate motion.

The Court has received briefs and oral arguments of counsel and the issue is now ripe for decision.

A motion to dismiss for failure to state a claim upon which relief can be granted serves as a common law general demurrer. Fowler v. Southern Bell Telephone & Telegraph Company et al., 5 Cir. 1965, 343 F.2d 150. Such motions should not be granted unless the Court can say with certainty that no relief may be granted under the facts which might be proved to support the complaint. Barnes v. Merritt, 5 Cir. 1967, 376 F.2d 8; Conley v. Gibson, 1957, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80.

With these cardinal principles of law in mind the court must approach the issue involved in this case.

The complaint alleges that plaintiff suffered severe personal injuries as the result of a collision of an automobile which was being driven by him with an automobile owned by Morris Laughter and driven by William G. Marr, Jr. The collision of the automobiles occurred in DeSoto County, Mississippi, on April 9, 1966. Plaintiff sued the owner and driver of the automobile in the Circuit Court of DeSoto County, Mississippi, in Cause No. 3580, and obtained a jury verdict for damages in the sum of $32,500.00. The judgment of the State Court for this amount was entered on February 17, 1968. Morris Laughter had in force at the time of the collision a policy of automobile liability insurance with defendant United States Fidelity & Guaranty Company (U.S.F. & G.), the policy limit being $5,000.00. William G. Marr, Jr. was covered at the time of the collision by a policy of automobile liability insurance issued by defendant State Farm Mutual Automobile Insurance Company (State Farm), with a policy limit of $10,000.00.

After the entry of the judgment by the State Court each of the defendants paid into the Registry of the Court, to be applied on the judgment, the policy limit on its insurance policy. The balance of the judgment in the sum of $17,500.00 remains unpaid and unsatisfied.

Subsequent to the institution of the suit in the State Court plaintiff's attorneys offered to settle plaintiff's claim against Laughter and Marr and a companion claim of his wife upon which suit had also been brought for the sum of $40,000.00, or for a sum equal to the combined limits of the policies, less $250.00, if such amounted to a lesser sum. The offer of settlement was not accepted. Mrs. Nichols' suit resulted in a judgment and a new trial on the issue of damages was granted by the trial court.

The complaint alleges that defendants were guilty of negligence and bad faith in the handling of the suit brought by plaintiff against their respective insureds, in that they placed their interest ahead of the interest of their insureds and otherwise breached their duty to exercise good faith and diligence.

Plaintiff claims to have been damaged on account of the refusal of defendants to accept his offer of settlement, prior to the trial of the suits in the State Court, and sues defendants herein for the outstanding and unpaid balance of the State Court judgment in the sum of $17,500.00, plus interest at 6% per annum from February 17, 1968.

Defendants rely on two basic grounds for the dismissal of the action. The first ground advanced by defendants is that the plaintiff, as a third party, does not have standing to maintain the suit. As a second ground defendants contend that plaintiff was not damaged by their refusal to accept the offer of settlement. Defendants point out that if the offer of settlement had been accepted plaintiff would have received $250.00 less than the amount finally paid to him at the conclusion of the State proceedings.

PLAINTIFF'S STANDING TO SUE

Plaintiff is a stranger to the contracts of insurance between defendants and their insureds. The contracts provide protection for the named insureds and do not afford any protection for plaintiff.

The complaint alleges that defendant U.S.F. & G. "issued an automobile lia-

bility insurance policy *that covered Morris Laughter"*, and that defendant State Farm "issued an automobile liability insurance policy that covered *William G. Marr, Jr."*. The gravamen of the complaint is that defendants did not exercise good faith or diligence in the performance of their contractual obligations to their named insureds. There is no issue raised by the complaint that plaintiff is a third-party beneficiary because of some provision of the contracts of insurance. Plaintiff seeks to impose liability on defendants for breach of a duty owing to parties other than plaintiff.

Plaintiff cites a Mississippi case, several Florida cases, a Virginia case and an annotation in 40 A.L.R.2d p. 195, et seq., to sustain his contention that he has a cause of action against defendants.

The annotation in 40 A.L.R.2d pages 195, 196, discusses the question of who may recover in cases such as the one sub judice. The annotator says: "Under policy provision giving an injured claimant the same rights against the insurer as are enjoyed by the insured, it has been held that the claimant could recover for a failure to compromise where the insured would have had such a cause of action.[1]

In the case sub judice it is not alleged that the insurance policies contain provisions which give plaintiff the same rights against defendants as are enjoyed by the insureds, Laughter and Marr.

It is apparent that the rule enunciated in the annotation is not applicable to the case sub judice.

Plaintiff refers to two Florida cases, Auto Mutual Indemnity Co. v. Shaw (1938), 134 Fla. 815, 184 So. 852, and Peerless Insurance Co. v. Sheehan (Fla. App.1967), 194 So.2d 285. In each of these cases the Florida court dealt with a contract of insurance containing provisions which, in the opinion of the court, gave the judgment creditor, or injured

claimant, the right to bring a direct action against the insurer, if such an action could have been brought by the insured. In *Shaw* the court held:

"Upon the principle of law well established and long recognized, where a person engages another, for a valuable consideration, to do some act for a benefit of a third, the latter who would enjoy the benefit of the act may maintain an action for the breach of such engagement, the law operates upon the acts of the parties, creates a duty, establishes a privity and implies the promise and obligation. We therefore hold that the plaintiff to this suit is within the benefits of the policy sued upon and has a right to maintain this suit.[2]

The *Peerless* case is to the same effect. In construing policy provisions similar to those involved in *Shaw*, the court said:

"We construe the above-quoted section of the policy to provide plaintiff with the remedy of a direct suit against the insurance company, and thus she was not restricted solely to garnishment proceedings. Compare, Auto Mutual Indemnity Co. v. Shaw, 134 Fla. 815, 184 So. 852 (1938). * * *"[3]

The Virginia case, Davis v. National Grange Ins. Co., U.S.D.C. E.D. Va. Norfolk Div. 1968 (Kellam, District Judge), 281 F.Supp. 998, involved the question of the right of a judgment creditor to bring a direct suit against the insurance company. The court relied upon Virginia statutes, which insert into each policy written in the state certain provisions similar to those set forth in *Shaw* and *Peerless*.

The authorities cited by plaintiff as supporting the proposition that he has standing to bring this suit are bottomed on the principle that the insurance policy contains express provisions that the protection afforded by the policy, under certain circumstances, shall inure to the

1. 40 A.L.R.2d p. 195.

2. 184 So. at 856.

3. 194 So.2d at 286.

benefit of the injured third policy. Such is not the case in the action sub judice.

Plaintiff cites the case of Travelers Indemnity Co. v. Watkins, (Miss.1968), 209 So.2d 630, in which the court said that the insurance business is affected with a public interest and is regarded generally as quasi-public, to sustain his right to bring this action.

The facts in *Watkins*, however, distinguish it from the case sub judice. Nunn, an employee of Riverside Industries of Philadelphia, was allowed the use of a company truck to take a calf owned by him from a yard at the Riverside plant to his home. The plant manager, when asked by Nunn if he should bring the truck back that afternoon, replied "No, leave it at home, leave it in the yard there and bring it back Monday morning". There was no positive, express prohibition against using the truck on Sunday, although it was clear that the permission was limited to taking the calf from Riverside's plant to Nunn's home on Saturday afternoon and returning the truck on Monday morning. Nunn understood the limitations on his use of the truck and that he was not supposed to use it on Sunday.

In driving the truck before returning it to Riverside, Nunn collided with a car in which Mrs. Watkins was a passenger. Mrs. Watkins was injured. She sued Nunn and Riverside, and recovered a judgment against both defendants. On appeal to the Mississippi Supreme Court, Riverside was exonerated because Nunn was not engaged in and about business for his employer at the time of the collision.[4]

Travelers Indemnity Co. carried liability insurance on the truck for Riverside and refused to satisfy the judgment against Nunn. Mrs. Watkins caused a writ of garnishment to be served on Travelers, suggesting that Travelers was indebted to Nunn as an insured under its policy of insurance.

The sole question presented to the Mississippi Supreme Court was "Whether there was sufficient evidence to justify the finding by the circuit judge, who tried the case without a jury, that Nunn was an additional insured within the meaning of the omnibus clause of the policy".[5] In holding that under the peculiar facts of the case, Nunn came within the coverage of the policy the court said:

"The weight of authority is to the effect that a minor deviation by a permissive user of a motor vehicle will not effect a limitation upon the permittee's insurance coverage.

The omnibus clause is unique in that it allows the insured to include others as insureds under the policy merely by granting permission to use the vehicle. Most of the cases decided in recent years, since the advent of motor vehicle safety responsibility laws and other like manifestations of public policy, hold that, when the use being made at the time of the accident was not a gross deviation from the time, space and purpose limitations of the permission, although contrary to the permission given, a cancellation of the insurance coverage will not result.

In the present case there were three broad factors as far as the permission was concerned: (1) time—that is, from Saturday afternoon until Monday morning, (2) place—that is, the general area wherein the truck was to be used and (3) use—that is, a use that was personal to Nunn. We believe that the truck was being used within the limitations of these factors."[6]

It is at once apparent that *Travelers* is not in point with the case sub judice, and does not sustain the position of plaintiff.

The plaintiff is a stranger to the insurance policies involved in this action. Defendants are not obligated in

---

4. Riverside Industries of Philadelphia v. Watkins (Miss.1967), 195 So.2d 844.

5. 209 So.2d at 631.

6. Id. at 633.

any way to plaintiff and owe no duty to him because of the policies of insurance issued by them to Laughter and Marr. The obligation of defendants was to carry out and duly perform their contractual duty to the insured.

The court's holding is amply supported by authorities cited by defendants, in their briefs. In the case of Francis v. Newton et al., 75 Ga.App. 341, 43 S.E. 2d 282, the Georgia court said:

"While an automobile liability insurance company may be held liable for damages to its insured for failing to adjust or compromise a claim covered by its policy of insurance, where the insurer is guilty of negligence or of fraud or bad faith in failing to adjust or compromise the claim to the injury of the insured * * * it does not follow that a person injured by the insured and who is not a party to the insurance contract may complain of the negligence or bad faith of the insurer towards its policyholder in failing to adjust or compromise a claim against such policyholder, for the duty of the insurance company to use ordinary care and good faith in the handling of a claim against its insured arises out of the relationship between the insurer and the insured created by the contract or policy of insurance, and there is no fiduciary relationship or privity of contract existing between the insurer and a person injured by one of its policyholders. In this connection, see Duncan v. Lumbermen's Mutual Casualty Co., 91 N.H. 349, 23 A.2d 325."

To the same effect are the cases of Duncan v. Lumbermen's Mutual Casualty Co., 91 N.H. 349, 23 A.2d 325 (1941); Steen v. Aetna Casualty and Surety Co., 157 Colo. 99, 401 P.2d 254 (1965); Dillingham v. Tri-State Insurance Co., Inc., et al., 214 Tenn. 592, 381 S.W.2d 914 (1964); Murray v. Mossman, 56 Wash.2d 909, 355 P.2d 985 (1960). See also Seguros, etc. v. Bostrom et al. (5 Cir. 1965), 347 F.2d 168, 176 et seq.

## PLAINTIFF'S LOSS

Plaintiff offered to settle his claim against the two defendants for a sum equal to the combined policy limits less the sum of $250.00. Defendants did not accept the offer. After judgment was entered, defendants paid plaintiff the policy limit of both policies. Thus, plaintiff received $250.00 more than he would have received had defendants accepted the offer of settlement. Can it be said that plaintiff was damaged by defendants' refusal to settle? The answer to this question is obvious. The Court is of the opinion that plaintiff did not suffer any loss because his settlement offer was refused.

It appears to the Court that this conclusion is not only sound reason and logic but also good law. In Wessing v. American Indemnity Co. of Galveston, Texas (D.C.Mo.1955), 127 F.Supp. 775, the court said in a case involving similar facts:

"Here, the excess liability asserted arises out of the relationship between the defendant, the insurer, and its insureds. Mrs. Douglas was a stranger to that relationship. The defendant owed her no duty at all. Hence, I fail to see how it could be liable to her, in tort, for a breach of duty, for it owed her none. Moreover, her complaint shows that had her offer to settle been accepted she would have gotten $15,000, but because it was rejected, her cause went to trial and she obtained a $47,500 judgment, $15,-000 of which has been paid. Thus, she did not lose, but stands to benefit, by the failure of defendant to accept her offer of settlement." [7]

The decision in *Wessing* was cited with approval by the United States Court of Appeals for the Fifth Circuit, in Seguros Tepeyac, S.A., etc. v. Bostrom et al. (5 Cir. 1965), 347 F.2d 168, 176.

---

7. 127 F.Supp. at 782.

The Colorado Supreme Court in Steen v. Aetna Casualty & Surety Co., 157 Colo. 99, 401 P.2d 254 (1965), said:

"Here Aetna owed no duty to Steen and particularly owed him no duty to accept what may now be deemed to have been a reasonable offer of settlement. As a matter of fact, by Aetna's conduct, whether justified or not, Steen was benefited rather than harmed by Aetna's refusal to settle, for instead of the lesser sums once considered acceptable by the Kornbluths for settlement, Steen already has received (or is entitled to receive) the sum of $10,000.00 paid into court under the policy for his benefit."

The Tennessee Supreme Court in Dillingham v. Tri-State Insurance Co., Inc., et al., 381 S.W.2d (1964), at page 917, said:

"The defendants in the case before the Court owed no duty of care to the complainant. It cannot be said that the complainant suffered any injury because of the alleged bad faith on the part of the insurer in refusing to settle. Had the complainant's offer of settlement been accepted, the complainant would have recovered $3,000.00. Since the insurer refused to accept that offer of settlement, the complainant has collected $5,250.00. Certainly it would be anomalous to allow the judgment creditor in such a situation to recover damages for the insurer's failure to settle the case for much less than the judgment creditor has already collected."

The Supreme Court of Utah, in Ammerman v. Farmers Insurance Exchange, 19 Utah 2d 261, 430 P.2d 576, said:

"In assessing the claimed right of Soliz to take this cause of action for himself the first problem presented is that at the time of the alleged wrong by the defendant company it had no privity of contract with Soliz and therefore owed him no duty, so there could be no breach thereof. Moreover, it is difficult to see how it caused him any damage. He is in the anomalous position of saying to the defendant: You have done me wrong by rejecting my offer to accept $9,000 in settlement. As a result, I obtained $10,-000 * * * Inasmuch as he actually received more than he would have from the settlement, as between himself and the insurance company, he does not show any damage, which is usually considered to be an essential element of a cause of action."

## CONCLUSION

In sum, it is the court's opinion that there is no set of facts which plaintiff can conceivably prove in support of his claim which would entitle him to relief against either defendant. The duty of defendants to settle runs only to their insureds. They owed no duty in that regard to plaintiff. If anyone has been wronged by the refusal of defendants to settle plaintiff's claim, it has been the insureds, not plaintiff. Additionally, plaintiff has suffered no loss by the refusal of his offer of settlement.

The motion to dismiss of each defendant, will be sustained. An appropriate order will be entered.