480 P.2d 864 (1970)
Thomas C. BASHOR, Plaintiff in Error,
v.
NORTHLAND INSURANCE COMPANY, a Minnesota corporation, Defendant in Error.
No. 70-507. (Supreme Court No. 24041.)
Colorado Court of Appeals, Div. II.
December 8, 1970.
Rehearing Denied December 29, 1970.
Certiorari Granted February 22, 1971.
*865 Daniel S. Hoffman, Denver, for plaintiff in error.
Sheldon, Nordmark & Bayer, Charles W. Sheldon, Jr., Douglas E. Bragg, Denver, for defendant in error.
Selected for Official Publication.
ENOCH, Judge.
This case was originally filed in the Supreme Court of the State of Colorado and subsequently transferred to the Court of Appeals under authority vested in the Supreme Court.
This is an action to recover damages due to the alleged failure of an insurer to accept a third party's offer of settlement within the policy limits. The parties appear in the same order as in the trial court, the plaintiff being the insured (Bashor) and the defendant, the insurer (Northland).
Bashor was involved in an automobile accident in which Hilda Owens was injured. Bashor's insurance policy with Northland had a liability limitation of $10,000. Owens subsequently filed suit against Bashor and obtained a judgment for $18,000 with interest and costs. Northland paid Owens *866 the limit of the policy, $10,000, with interest and costs, leaving an $8,000 personal judgment against Bashor unpaid.
Bashor, in this action alleges that, pending trial of the personal injury action, Owens' attorney repeatedly offered to settle within the insurance policy limits and Northland rejected all offers. Further, that Northland's attorneys under the terms of the policy conducted the defense of plaintiff both prior to and throughout the trial.
The judgment creditor, Owens, was pressing Bashor for satisfaction of the $8,000 judgment which Bashor was unable to pay. Prior to the filing of this suit, Owens and Bashor entered into a written agreement. A brief summary of this agreement reveals that Bashor paid Owens $1,500 on the judgment; he agreed to attempt to collect the overage from the insurer for its failure to settle; Bashor's attorney was to be one of Owens' selection with the consent of Bashor; if full recovery were made, Bashor would retain $1,500 and Owens would receive the balance; if less than full recovery were made, Bashor would retain less than the $1,500 paid out and the balance determined by a formula in the agreement would go to Owens. In consideration for Bashor's agreement, Owens agreed to release all liens on Bashor's property, refrain from further efforts to collect on the judgment and execute a "satisfaction of judgment" which was placed in escrow to be delivered to Bashor after Owens received payment of any recovery under the terms of the agreement or after Bashor exhausted his legal remedies, including appeal, against the insurer. The agreement further provided that if Bashor exercised his right not to appeal an adverse judgment in the trial court then the satisfaction of judgment would be returned to Owens, the agreement would become null and void, and Owens could pursue her efforts to collect the judgment from Bashor.
Northland in this action filed a "Motion to Reduce Prayer", which the trial court granted, reducing Bashor's potential recovery to $1,500. This order was apparently based on Northland's argument that Bashor, by his agreement with Owens, had actually obtained a satisfaction of the personal judgment by the payment of $1,500 and therefore, this had to be the limit of his damage.
On the morning of trial, Northland moved to dismiss the case upon the ground that the contract between Bashor and Owens was champertous, illegal, and void. This motion was denied. Northland then moved for the dismissal of the complaint on the ground that the real party in interest (Owens) was not a party to the action. The court ruled that Owens was a necessary party to the action, dismissed the action and entered judgment for Northland.
Bashor alleges as errors the trial court's ruling that Owens was a necessary party and the order reducing the prayer in the complaint from $8,000 to $1,500. Northland alleges the court erred in failing to find the contract between Owens and the Bashor to be champertous, illegal, and void.

I
Was Owens a necessary party to this action? We hold that she was not. Owens was a judgment creditor of Bashor and had no contractual claim or tort claim against the insurer. Owens can benefit from this action only after plaintiff, as the insured, secures a judgment against the insurer. This point was clearly decided in Steen v. Aetna Casualty & Surety Co., 157 Colo. 99, 401 P.2d 254. The Supreme Court there ruled that a third party judgment creditor of an insured was not a real party in interest in a suit against the insurer based on the insurer's "bad faith" breach of its responsibilities to its insured.
The contract between Owens and Bashor did not change the relationship of the parties with the insurer. Bashor was still the only person who could pursue this claim against the insurer. The trial court was in error in dismissing this action.

*867 II
Should the trial court have granted Northland's motion to reduce the plaintiff's prayer from $8,000 to $1,500? Northland argues that the contract between Owens and Bashor was in effect, a satisfaction of the judgment and since Bashor paid only $1,500 out of his own pocket, this was the extent of his damage which was recoverable from Northland. We do not find any wording in the contract which supports this argument. Bashor paid $1,500 on the judgment of $8,000 and agreed to pursue his claim against Northland in an attempt to recover the full amount. The contract specifically provided that there would be no satisfaction of the judgment until Bashor had exhausted his legal remedies. An award of $1,500 would not have made Bashor whole. By the terms of the contract, Bashor would not have retained a total of $1,500 unless the full amount prayed for was recovered. Northland's liability can be determined only by a decision on the merits of the case between the insured and the insurer. This particular contract between Owens and Bashor cannot be interpreted as any limitation on this liability. It was error to have reduced the plaintiff's prayer from $8,000 to $1,500.

III
Northland alleges as cross-error that the contract between Owens and Bashor is "criminal" under Colorado's Champerty and Maintenance Statute, C.R.S.1963, 40-7-40. We agree with the ruling of the trial court in denying Northland's motion which was based on this ground. Fastenau v. Engel, 125 Colo. 119, 240 P.2d 1173. Northland makes rather strong statements in its argument that this contract is not only criminal, but also violates public policy. We find no authority to support such an argument. Owens is not a stranger promoting this litigation without any interest or concern. Bashor has a right of action against Northland for failure to settle the claim of Owens. Whether the action has merit has yet to be decided. In the meantime, Owens and Bashor have arrived at certain terms, which if fully carried out by both parties, will take the onus off of Bashor. Northland makes much of the fact that the attorney was to be selected by Owens, with Bashor's consent and that Owens would be paying part of the attorney's fees and costs. We find this argument a little paradoxical coming from defendant who is operating under a similar contract, i. e., the insurance policy. Bashor was represented in the personal injury suit by Northland's present attorneys selected by Northland, paid by Northland and had there been a subrogation action, Northland would have been seeking a recovery in the name of Bashor to make itself whole.

IV
One further point which has been presented concerns the admissibility of the contract between Owens and Bashor and the $1,500 payment made by Bashor to Owens in a trial of the issues between Bashor and Northland. Although this issue was not clearly determined in the pretrial conference, it will obviously become an issue in the trial. As a guideline in the trial of this case and to avoid an appeal on this point, we hold that this contract and the payment of $1,500 is irrelevant to the issues between the plaintiff and the defendant and should not be admitted into evidence.
Judgment is reversed and the cause remanded with directions to reinstate the complaint. Any further proceedings to be in conformity with this opinion.
SILVERSTEIN, C. J., and COYTE, J., concur.