## No. C-67

## Northland Insurance Company, a Minnesota corporation v. Thomas C. Bashor
(494 P.2d 1292)

Decided March 20, 1972.        Rehearing denied April 10, 1972.

464

Sheldon, Bayer, McLean & Glasman, Charles W. Sheldon, Jr., for petitioner.

Daniel S. Hoffman, for respondent.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

This case is on certiorari to the Colorado Court of Appeals. We granted the petition on the ground asserted by petitioner that the court had probably decided the issues in a manner not in accord with the decisions of the Colorado Supreme Court. It was asserted that, in arriving at its decision, the Court of Appeals had, in effect, overruled the Colorado Supreme Court decision of *Steen v. Aetna Casualty and Surety Co.,* 157 Colo. 99, 401 P.2d 254. (*See Bashor v. Northland Insurance Co.,* 29 Colo. App. 81, 480 P.2d 864, selected for official publication.) We affirm the Court of Appeals.

Bashor had been in an automobile accident in which one Hilda Owens was injured. She sued Bashor and obtained a judgment of $18,000. Northland was the insurer of Bashor

by a policy with a limit of $10,000. After the judgment, Northland paid Owens to the limit of the policy, leaving an $8,000 personal judgment against Bashor still unpaid. It was claimed in the suit involved herein against Northern that it negligently failed to settle the claim, as it could have, within the $10,000 coverage.

Prior to institution of the suit against Northland, the judgment creditor, Owens, undertook to obtain collection of the $8,000 judgment from Bashor and, among other things, levied on his home. Thereafter, Bashor and Owens entered into an agreement whereby Bashor paid Owens $1,500 in cash, agreed to bring suit to collect the $8,000 from the insurer for its failure to settle Owens' claim. The agreement provided that the attorney for Bashor was to be selected by Owens with the consent of Bashor. Additionally, if a full recovery resulted, Bashor would receive back his $1,500 and Owens would be paid the remainder. If recovery was for less than $8,000, the amount to Owens was to be prorated. Bashor agreed to fully prosecute the suit, including appeal if he was unsuccessful in the trial court; and in turn if Bashor fully completed the contract, Owens agreed to release all liens on Bashor's property; to refrain from further efforts to collect on the judgment from Bashor's property; and to place in escrow a "satisfaction of judgment" to be delivered to Bashor either after Owens had received payment for any recovery in the Lawsuit against Northland or after Bashor had exhausted all of the legal remedies agreed upon, even if recovery was not successful.

Bashor instituted the suit against Northland. Northland, apprised of the agreement between Bashor and Owens, filed a motion to limit the prayer for recovery to $1,500, on the ground that Bashor, by his agreement, had actually obtained a satisfaction of his personal judgment for that amount, and that, therefore, his claim for damages against Northland would be so limited. The court granted that motion.

On the morning of the trial, Northland moved to dismiss the case, asserting that the contract between Bashor and Owens was champertous, illegal, and void. This motion was

denied. Northland then moved for a dismissal of the complaint because the real party in interest, Owens, was not a party to the action. The court ruled that Owens was an indispensable and necessary party and dismissed the suit.

Writ of error was filed in this court to the judgment of the trial court, but under statutory authority, we transferred the case to the Court of Appeals. There in *Bashor v. Northland Insurance Co., supra,* the judgment of the lower court was reversed. The decision held that Owens was not a real party in interest and was not a necessary party; that the contract between Owens and Bashor did not change the relationship of the parties to the insurer; and that Bashor was still the only person who could and did pursue the claim against the insurer. The action of the trial court in reducing the limit to the amount of recovery to $1,500 was also reversed. On cross-error assigned by Northland to the ruling of the trial court that the contract was not criminal and not in violation of the champerty and maintenance statute, C.R.S. 1963, 40-7-40, the Court of Appeals affirmed.

We are fully in accord with the decision of the Court of Appeals. We find that *Steen v. Aetna Casualty and Surety Co., supra,* was not overruled. In that case it was held that a third-party judgment creditor of an insured cannot sue the insurer. The agreement involved herein with Bashor as the insured party instituting and fully prosecuting the suit is in accord with the holding in *Steen.*

We also agree with the Court of Appeals that Bashor is not limited to the $1,500 set by the trial court and adopt the reasoning advanced in the opinion.

Concerning the claim that the contract is illegal and void, we hold that the Court of Appeals was correct in holding that the contract was not champertous, illegal, void, or contrary to public policy.

The remand of the Court of Appeals dealing with the evidentiary matters in the new trial is approved.

The judgment of the Court of Appeals is affirmed.

MR. CHIEF JUSTICE PRINGLE not participating.