378 So.2d 1344 (1980)
James DONNELL, Appellant,
v.
INDUSTRIAL FIRE AND CASUALTY CO., an Illinois Corporation, a/T/D/B in the State of Florida, Appellee.
No. 78-2380.
District Court of Appeal of Florida, Third District.
January 22, 1980.
*1345 Horton, Perse & Ginsberg, Arnold R. Ginsberg and Leo B. West, Miami, for appellant.
Jeanne Heyward, Goodhart & Rosner, Miami, for appellee.
Before HENDRY and SCHWARTZ, JJ., and VANN, HAROLD (Ret.), Associate Judge.
SCHWARTZ, Judge.
James Donnell, who was the plaintiff below, appeals from a summary judgment entered in favor of the defendant-appellee, Industrial Fire and Casualty Co., on the ground that the action was barred under the doctrine of res judicata. We reverse.
In the case now before us, Donnell directly sued Industrial Fire, as the liability carrier for one Vonnie Horne, to recover a $30,000 default judgment the plaintiff had obtained against Horne for injuries sustained in an automobile accident. The insurer's defense of res judicata was based on the fact that Industrial Fire had originally been an additional party defendant in the case against Horne. In that case, however, Industrial Fire moved to dismiss the complaint as against it and the attorney supplied by the carrier to represent him had moved to withdraw as counsel, on the ground that Horne had failed to cooperate with the company in his defense.[1] On these motions the trial court entered the following order:[2]
THIS CAUSE having come on to be heard before me upon Defendant INDUSTRIAL FIRE & CASUALTY INSURANCE COMPANY'S Motion to Withdraw as Counsel for Defendant VONNIE DAVID HORNE on the grounds that said Defendant has not cooperated in the defense of this cause under the terms and provisions of his insurance policy, and Defendant INDUSTRIAL FIRE AND CASUALTY'S Motion to Dismiss, and after hearing argument of counsel, and the Court being fully advised in the premises, it is hereby
ORDERED AND ADJUDGED that INDUSTRIAL FIRE AND CASUALTY INSURANCE COMPANY'S Motion to Withdraw as Counsel for Defendant VONNIE DAVID HORNE be, and the same is hereby GRANTED, and it is further
ORDERED AND ADJUDGED that INDUSTRIAL FIRE AND CASUALTY INSURANCE COMPANY'S Motion to Dismiss be, and the same is hereby GRANTED. [e.s.][3]
Contrary to the conclusion reached below, the proceedings in the initial action, as a matter of law, did not have the dispositive effect which is necessary to support a claim of res judicata upon either the plaintiff's right to recover or the company's defense *1346 of the insured's breach of the cooperation clause. It is clear, first of all, that permitting insurance counsel to withdraw from Horne's representation cannot be so regarded, As was said in Peerless Ins. Co. v. Sheehan, 194 So.2d 285, 287 (Fla. 2d DCA 1967):
We are of the opinion that the order allowing counsel to withdraw was that and only that, and that it made no determination of any fact other than simply to allow counsel to withdraw. Certainly the order could not constitute res judicata as to Allred's alleged breach of contract for failure to cooperate.[4]
Even more plainly, the portion of the order which granted Industrial's motion to dismiss Donnell's case as against it does not serve to bar the later action. No order may be res judicata as to a subsequent case unless it is a final judgment which disposes of the controversy in the first one. Thoman v. Ashley, 170 So.2d 332 (Fla. 2d DCA 1964), cert. denied, 177 So.2d 205 (Fla. 1965); Peaslee v. Michalski, 167 So.2d 242 (Fla. 2d DCA 1964). And it is settled by a veritable host of Florida authorities that an order, like this one, which merely grants a motion  and does not go further and actually dismiss the complaint, the cause, or a party, or enter judgment for the movant[5]  is nothing more than an interlocutory one which cannot provide the foundation for a claim of res judicata. Edwards v. Kings Point Housing Corp., 351 So.2d 1073 (Fla. 4th DCA 1977); see, e.g., Kessler v. Gumenick, 358 So.2d 1167 (Fla. 3d DCA 1978); Shupack v. Allstate Ins. Co., 356 So.2d 1298 (Fla. 3d DCA 1978); Guth v. Howard, 362 So.2d 725 (Fla. 2d DCA 1978); First National Bank of Searcy, Arkansas v. Collins, 360 So.2d 804 (Fla. 2d DCA 1978); Horton v. Unigard Ins. Co., 355 So.2d 154 (Fla. 4th DCA 1978), cert. dismissed, 373 So.2d 459 (Fla. 1979); Shotkin v. Deehl, 148 So.2d 538 (Fla. 3d DCA 1963); Mitchell v. Italian-American Club, 122 So.2d 228 (Fla. 3d DCA 1960).
Since there was thus no basis for the entry of the summary judgment below, it is reversed and the cause remanded for appropriate consideration of the issue of whether there was a material, prejudicial and unwaived breach of the cooperation clause in the policy in question.[6]
Reversed and remanded.
NOTES
[1] See Ramos v. Northwestern Mutual Ins. Co., 336 So.2d 71 (Fla. 1976), and cases cited.
[2] On the same day, the court entered a separate order which purported to "sever" Industrial Fire from the case and which "allowed" the law firm furnished by the carrier to withdraw. It is conceded that this order adds nothing to the effect of the one quoted in the body of the opinion.
[3] Subsequent to this order the plaintiff proceeded to secure the default judgment against Horne alone.
[4] As to the effect of a determination involving only the insured and the company upon the injured party's rights in a subsequent proceeding, cf. also Allstate Ins. Co. v. Warren, 125 So.2d 886 (Fla. 3d DCA 1961), cert. denied, 131 So.2d 201 (Fla. 1961).
[5] This was the case in each of the decisions cited in the appellee's brief. Hinchee v. Fisher, 93 So.2d 351 (Fla. 1957); Capers v. Lee, 91 So.2d 337 (Fla. 1956); Maule Industries, Inc. v. MacDonald Engineering Co., 296 So.2d 512 (Fla. 3d DCA 1974); Gibbs v. Trudeau, 283 So.2d 889 (Fla. 1st DCA 1973); State ex rel. Terminal Transport Co. v. Earnest, 262 So.2d 469 (Fla. 3d DCA 1972); Lomelo v. American Oil Co., 256 So.2d 9 (Fla. 4th DCA 1971); Hammac v. Windham, 119 So.2d 822 (Fla. 1st DCA 1960).
[6] See Ramos v. Northwestern Mutual Ins. Co., supra; Leatherby Ins. Co. v. Jones, 332 So.2d 139 (Fla. 3d DCA 1976); Peerless Ins. Co. v. Scheehan, supra; Bordettsky v. Hertz Corp., 171 So.2d 174 (Fla. 2d DCA 1965); American Universal Ins. Co. v. Stotsberry, 116 So.2d 482 (Fla. 3d DCA 1959).