Michael E. **DAUGHERTY**,
Plaintiff–Appellant,

v.

**ALLSTATE INSURANCE COMPANY,**
Defendant–Appellee.

No. 01CA0130.

Colorado Court of Appeals,
Div. V.

March 28, 2002.

Thomas J. Tomazin, P.C., Thomas J. Tomazin, Englewood, Colorado, for Plaintiff–Appellant.

Harris, Karstaedt, Jamison & Powers, P.C., A. Peter Gregory, Heather A. Salg, Englewood, Colorado, for Defendant–Appellee.

Opinion by Judge NIETO.

Plaintiff, Michael E. Daugherty, appeals the judgment dismissing as time barred his complaint against defendant, Allstate Insurance Company. We affirm in part and reverse in part.

In July 1996, plaintiff's car collided with a vehicle occupied by a couple (the Sauters) after plaintiff ran a red light in an attempt to elude police. Plaintiff had an automobile insurance policy with Allstate at the time of the accident. Allstate informed plaintiff by letter, dated July 30, 1996, that it was denying all coverage for the accident based on a provision in plaintiff's policy that excluded liability coverage for damages resulting from intentional or criminal acts by the insured.

In December 1996, the Sauters sued plaintiff, alleging claims for injuries they sustained in the accident. The Sauters provided Allstate with a copy of the complaint. No responsive pleadings were filed by or on behalf of plaintiff, and default entered. After a hearing on July 9, 1998 to determine dam-

ages, the trial court entered two default judgments against plaintiff.

Plaintiff then assigned to the Sauters all rights and claims he had against Allstate arising out of his automobile insurance policy. *See Bashor v. Northland Insurance Co.,* 29 Colo.App. 81, 480 P.2d 864 (1970), *aff'd,* 177 Colo. 463, 494 P.2d 1292 (1972).

On July 7, 2000, plaintiff filed a complaint against Allstate alleging claims for breach of contract, bad faith breach of insurance contract, and exemplary damages. Allstate moved for summary judgment, asserting, among other defenses, that plaintiff's claims were barred by the statute of limitations. The trial court concluded that plaintiff's claims were time barred and granted the motion.

Plaintiff contends the trial court erred in granting Allstate's motion for summary judgment because his claims were not barred by the statute of limitations. Specifically, he argues that the court erred in concluding that all of his claims accrued on July 30, 1996, the date of Allstate's letter denying all coverage. We agree that some of plaintiff's claims are not time barred.

An order granting summary judgment is reviewed de novo. Summary judgment is a drastic remedy and should be granted only when the pleadings, affidavits, depositions, or admissions establish that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Hyden v. Farmers Insurance Exchange,* 20 P.3d 1222 (Colo.App.2000).

"Generally, before a statute of limitations begins to run, there must be some damage which would entitle a plaintiff to maintain a cause of action. The procedure to be utilized in determining when a cause of action accrues is to ascertain when litigation could first have been successfully maintained." *Flatiron Paving Co. v. Great Southwest Fire Insurance Co.,* 812 P.2d 668, 670 (Colo.App.1990) (citation omitted).

A cause of action for breach of contract accrues on the date the breach is discovered or should have been discovered by the exercise of reasonable diligence. Section 13–80–108(6), C.R.S.2001. "[A] claim for re-

lief in actions arising out of non-performance of contract obligations accrues at the time of the failure to do the thing required to be done under the contract." *Goeddel v. Aircraft Finance, Inc.,* 152 Colo. 419, 424, 382 P.2d 812, 815 (1963).

A claim for bad faith breach of an insurance contract sounds in tort and accrues from the date on which both the injury and its cause are known or should have been known through the exercise of reasonable diligence. Section 13–80–108(1), C.R.S.2001; *Harmon v. Fred S. James & Co.,* 899 P.2d 258 (Colo.App.1994).

Plaintiff's breach of contract and bad faith breach of insurance contract claims both involve allegations that Allstate breached two separate contractual duties. Plaintiff alleged that Allstate breached its duty to defend him in the action filed by the Sauters and also breached its duty to indemnify him from the liability he incurred as a result of the judgment entered against him in that action. The duty to defend and the duty to indemnify are separate and distinct. *Hecla Mining Co. v. New Hampshire Insurance Co.,* 811 P.2d 1083, 1086 n. 5 (Colo.1991). Thus, these two duties should be viewed separately. *See TerraMatrix, Inc. v. United States Fire Insurance Co.,* 939 P.2d 483 (Colo.App.1997). Therefore, each claim must be examined regarding each separate alleged breach of duty.

## I.

Plaintiff contends that his breach of contract claim did not accrue until the Sauters' judgment became final on July 24, 1998, and therefore, his complaint filed on July 7, 2000, was timely under the three-year statute of limitation, § 13–8–101(1)(a), C.R.S.2001. We conclude that part of this claim was timely filed.

### A.

An action for breach of a duty to defend in an insurance contract arises when a third party makes a claim against the insured alleging facts that might fall within the policy's coverage. *Hecla Mining Co. v.*

*New Hampshire Insurance Co., supra.* Therefore, a duty to defend action arises, at the latest, when the insured has been named in a formal complaint making such allegations. *Farmers Insurance Exchange v. American Manufacturers Mutual Insurance Co.*, 897 P.2d 880 (Colo.App.1995).

Here, plaintiff could have maintained a cause of action against Allstate for breach of contract based on failure to defend at least when the Sauters named him in their complaint. At that time, absent some exclusion in the policy, Allstate would have been obligated to defend him and had already informed him that it would not be providing any coverage regarding the accident.

A contention similar to plaintiff's argument that his claim for breach of contract based on Allstate's duty to defend did not arise until the final judgment was entered against him, was rejected in *Farmers Insurance Exchange v. American Manufacturers Mutual Insurance Co., supra.* We likewise reject this argument.

Further, plaintiff's reliance on *Vanderloop v. Progressive Casualty Insurance Co.*, 769 F.Supp. 1172 (D.Colo.1991), is misplaced. There, the court concluded that the plaintiff's claim against an insurance company for failure to settle did not accrue until final judgment was entered because it was only then that the plaintiff's injuries became known. That case has no application here because plaintiff's claim is for failure to defend, not for failure to settle.

Accordingly, plaintiff's claim for breach of contract based on the failure to defend accrued, at the latest, in December 1996 when the Sauters filed their complaint against plaintiff and plaintiff was on notice that Allstate was denying all coverage under the policy. Regardless of whether the statute of limitations for this claim expired in two years as Allstate contends or three years as plaintiff contends, his breach of contract claim based on failure to defend was time barred under either scenario because his complaint was not filed until July 2000, more than three and one-half years later.

### B.

■ With respect to plaintiff's claim for breach of contract based on Allstate's failure to indemnify, *Flatiron Paving Co. v. Great Southwest Fire Insurance Co., supra,* is instructive. There, on facts very similar to this case, a division of this court held that a claim for failure to indemnify does not arise until a judgment is entered against the insured. The division stated:

> Although at the time Flatiron brought suit against [the insured, the insured] might have sued Southwest for its failure to defend, that claim is not involved here. Under the statute in existence at the time, [the insured] would have had no basis for suing Southwest for failure to indemnify until [the insured] had incurred damages.
>
> The judgment against [the insured] is dated November 19, 1984. It was not until then that the insured or its assignee could have brought a failure to indemnify action against Southwest.

*Flatiron Paving, supra,* 812 P.2d at 670.

Here, the judgment against plaintiff was not entered until July 9, 1998. Consequently, plaintiff's claim for indemnification did not accrue until that date. *See Hecla Mining Co. v. New Hampshire Insurance Co., supra; Flatiron Paving, supra.*

Again, while the parties dispute which statute of limitations is applicable, there is no dispute that plaintiff's claim for breach of contract based on failure to indemnify is not time barred if it was filed within two years from the date it accrued. Because the complaint was filed on July 7, 2000, it was brought within two years of the date of accrual, and it was not barred by the statute of limitations.

Accordingly, plaintiff's claim for breach of contract based on Allstate's failure to indemnify must be reinstated.

### II.

We next address plaintiff's claim for bad faith breach of insurance contract. Plaintiff argues that this claim arose on July 9, 1998, when the judgment was entered against him and therefore, his complaint filed on July 7, 2000 was timely. We agree in part.

■ A bad faith claim is a tort claim governed by the two-year statute of limitations in § 13–80–102, C.R.S.2001. The action accrues when both the nature and extent of the injury and its cause are known or should have been known through the exercise of reasonable diligence. *Harmon v. Fred S. James & Co., supra.*

■ A bad faith claim exists independently from the liability imposed by the insurance contract. *Flickinger v. Ninth District Production Credit Ass'n,* 824 P.2d 19 (Colo.App. 1991). "The basis of a bad faith claim is the insurer's conduct in handling the claim." *Emenyonu v. State Farm Fire & Casualty Co.,* 885 P.2d 320, 324 (Colo.App.1994).

■ The basic elements of any tort claim are: (1) the existence of a duty; (2) a breach of that duty; and (3) an injury caused by the breach of duty. *Redden v. SCI Colorado Funeral Services Inc.,* 38 P.3d 75 (Colo. 2001); *Vanderloop v. Progressive Casualty Insurance Co., supra.* The duty at issue in a bad faith breach of insurance contract claim is the insurance company's duty to act in good faith and deal fairly with its insured. *Farmers Group, Inc. v. Trimble,* 691 P.2d 1138, 1142 (Colo.1984). However, the insurance company is not called upon to perform this duty until some contractual duty imposed by the insurance policy has arisen. While the contractual duty and the duty to act in good faith are separate and distinct duties, they are related, and both must exist simultaneously to create a bad faith claim. "[I]t is the affirmative act of the insurer in unreasonably refusing to pay a claim and failing to act in good faith, and not the condition of nonpayment, that forms the basis for liability in tort." *Farmers Group, Inc. v. Trimble, supra,* 691 P.2d at 1142.

Here, plaintiff alleged that Allstate acted in bad faith by failing to perform two separate contractual promises: (1) unreasonably refusing to defend him and (2) unreasonably refusing to indemnify him. Because the contractual duty and the unreasonable conduct must exist simultaneously, we must examine the two allegations separately.

## A.

■ As noted above, Allstate's duty to defend plaintiff arose at the latest when he was named in the action filed by the Sauters. At that time, plaintiff knew the nature and extent of whatever injury he suffered as a result of the alleged bad faith conduct of Allstate in refusing to defend him. He also knew the cause of that injury, namely, Allstate's allegedly unreasonable refusal to defend him. Therefore, plaintiff's bad faith claim based on Allstate's duty to defend had to be filed within two years after the Sauters' case was filed in December 1996. The claim was not filed until July 7, 2000, and therefore, the trial court correctly determined that this part of plaintiff's bad faith claim was barred by the statute of limitations.

## B.

■ Allstate's duty to indemnify arose, as explained above, when the Sauters obtained a judgment against plaintiff on July 9, 1998. At that time plaintiff knew the nature and extent of whatever injuries he suffered as a result of Allstate's alleged bad faith conduct in refusing to indemnify him. He also knew that Allstate's allegedly unreasonable refusal to indemnify him was the cause of those injuries.

Plaintiff could not have asserted a bad faith claim based on failure to indemnify prior to the entry of the Sauters' judgment because before that time Allstate had no duty to indemnify him, and therefore, it could not have acted unreasonably in refusing to indemnify him. Thus, this part of plaintiff's bad faith claim had to be filed within two years following the entry of judgment against him on July 9, 1998. The claim was filed on July 7, 2000, and thus was timely.

Accordingly, plaintiff's claim for bad faith breach of insurance contract based on the duty to indemnify must be reinstated.

Because we have determined that this portion of plaintiff's bad faith claim was filed within two years after it accrued, and that the portion of the bad faith claim based on the duty to defend accrued more than three years before the case was filed, we need not

consider plaintiff's claim that a three-year statute of limitations applied.

The judgment is affirmed to the extent it dismissed the parts of plaintiff's claims that were based on the duty to defend. The judgment is reversed to the extent it dismissed the parts of plaintiff's claims that were based on the duty to indemnify, and the case is remanded with directions to reinstate those parts of the claims, as well as plaintiff's claim for exemplary damages.

Judge DAVIDSON and Judge CASEBOLT concur.