HORN, D. B. A. VICTORY CONSTRUCTION CO., APPELLANT, *v.* LAMBLIN, APPELLEE.

(No. 8368—Decided December 23, 1957.)

*Mr. Sidney C. Brant* and *Mr. Harvey A. Immerman,* for appellant.

*Mr. John J. Luhrman,* for appellee.

HILDEBRANT, P. J. On August 22, 1949, pursuant to petition, affidavit of nonresidence and fraud, and order, the plaintiff obtained a valid attachment on the undivided one-half interest in certain lands of the defendant, appraised in this proceeding at $4,000.

. On February 14, 1950, a judgment for money and for costs was rendered against the defendant.

Seven years later, on February 20, 1957, an entry sustaining the attachment and ordering sale was approved by the court.

On August 22, 1957, the entry appealed from here was journalized, providing in part:

"The court, on its own motion, further finds that the entry

hereinbefore entered on the 20th day of February, 1957, sustaining the attachment herein and ordering sale of the real estate attached herein was improperly entered for the reason that the judgment upon which said attachment is based is and was on the 20th day of February, 1957, dormant, and has not been revived, to all of which the plaintiff excepts.''

We proceed upon the assumption that the entry of August 22, 1957, while not stating so in so many words, vacates the entry of February 20, 1957, so that this appeal is from a vacation of that entry, for the reason that the judgment which gave life to the prior attachment has under our statutes become dormant, so as to preclude a sale on execution unless said judgment were revived.

Does the dormancy of the judgment now also preclude the sale under and by virtue of the attachment?

Section 2715.37, Revised Code, provides:

''If judgment is rendered for the plaintiff in an action in attachment, it shall be satisfied as follows: So much of the property in the hands of the officer, after applying the money arising from the sale of perishable property and so much of the personal property, and lands and tenements, whether held by legal or equitable title, as is necessary, shall be sold by order of the court, under the same restrictions and regulations as if it had been levied on by execution. The money arising therefrom, with the amount which is recovered from the garnishee, shall be applied to satisfy the judgment and costs. If there is not enough to satisfy them, the judgment shall stand and execution may issue thereon for the residue, as in other cases. Any surplus of the attached property or its proceeds shall be returned to the defendant.''

We glean from 5 Ohio Jurisprudence (2d), 467 *et seq.*, that, historically, attachment, unknown to the common law, originated as a custom in London aimed at subjecting to a creditor's claim property of a defendant nonresident who could not be served with process. Since the Code of Civil Procedure, attachment is generally regarded as ancillary to a proceeding for the recovery of money, at least where the principal action is in personam. But, it is stated in Section 11, pages 484 and

485 of 5 Ohio Jurisprudence (2d): "But in an action in rem, one which is aimed at and binds only the property over which the court obtains jurisdiction, the attachment proceeding is the action itself." In *Pilgrim Distributing Corp.* v. *Galsworthy, Inc.*, 148 Ohio St., 567, 76 N. E. (2d), 382, certified to the Supreme Court by this court, Turner, J., states in the body of the opinion, at page 573:

"That an attachment proceeding in an action *in personam* is a separate or ancillary proceeding is clear. That an attachment proceeding in an action *in rem* is *the* action is also clear."

It is settled that an attachment is in the nature of an execution levied on property of a defendant in anticipation of establishment of plaintiff's claim in the action. It binds the property from the time of service and holds it to satisfy the judgment to be obtained. When an order of attachment has been properly issued and executed, a levy by seizure gives rise to a lien at the time the levy is made. *Liebman* v. *Ashbacker*, 36 Ohio St., 94; *Coggshall* v. *Marine Bank Co.*, 63 Ohio St., 88, 57 N. E., 1086. Upon seizure, under an order of attachment, the officer acquires the right to hold and protect the property, but not to sell it. The right to sell must be given by later order. Upon rendition of the judgment, the attachment becomes vitalized, and there is created the right to sell to satisfy the lien of the attachment from the proceeds, with a right of execution for any balance unpaid.

In the case of *Lessee of Paine* v. *Mooreland*, 15 Ohio, 436, 45 Am. Dec., 585, involving a land attachment, the court said, at page 446:

"The power to sell the land here results from the judgment. The order of the court is merely to restrict and direct the execution of this power. * * * The order to sell lands under attachment, limiting the sale to the lands attached, is a limitation, not a grant of power. The order to administrators and executors to sell lands, confers the power to sell. The lack of one is a mere irregularity of the other—a total defect of power. Hence the difference as to the results."

In *Liebman* v. *Ashbacker, supra* (36 Ohio St., 94), the attaching Ashbacker, after judgment, issued a general execution

instead of an order of sale of the attached property, but the court held this not an abandonment of the attachment, but that its priority of lien would be maintained.

Section 2329.07, Revised Code, the dormancy statute, provides only on failure to issue execution or certificate as provided that "then such judgment shall be dormant and shall not operate as a lien upon the estate of the judgment debtor."

While the judgment lien upon the debtor's estate is lost, the judgment is still a valid judgment, and would sustain an action based upon it, or amount to a valid set-off in a proper case. *Graham* v. *Simon, Admr.,* 76 Ohio St., 77, 81 N. E., 170; *Oliver* v. *Canan,* 71 Ohio St., 360, 73 N. E., 466.

From the foregoing, we conclude that the dormancy of the judgment, preventing sale on execution, by which proceeding and levy the power to sell must be ordered and acquired, does not affect the power of sale under the valid attachment acquired by the very rendition of the judgment, and that the attaching creditor, upon proper application, is entitled to an order of sale of defendant's interest in the attached real estate, specifically described by metes and bounds in the sheriff's return.

The judgment is reversed and the cause remanded for further proceedings according to law.

*Judgment reversed.*

Matthews and Long, JJ., concur.