**Richard W. RYAN, Plaintiff–Appellee,**

v.

**O.F. DUFFIELD, Defendant–Appellant.**

No. 94CA1066.

Colorado Court of Appeals,
Div. I.

June 29, 1995.

---

* Sitting by Assignment of the Chief Justice under provisions of the Colo. Const., art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1994 Cum.Supp.).

Stone, Sheehy, Rosen & Byrne, P.C., Andrew Rosen, Boulder, for plaintiff-appellee.

Good & Good, P.C., Robert G. Good, Englewood, for defendant-appellant.

Opinion by Judge TAUBMAN.

In this action to enforce a foreign judgment, defendant, O.F. Duffield, appeals the trial court's order denying his motions to stay a pending garnishment and for the return of funds to him from plaintiff, Richard W. Ryan. He also appeals the trial court's assessment of attorney fees against him. We affirm.

On March 2, 1987, Ryan obtained a judgment against Duffield in a Wyoming court for $38,100. He filed it as a foreign judgment in the district court on January 2, 1992.

On January 16, 1992, Duffield won a $6 million jury verdict against a Colorado bank in the United States District Court for the District of Colorado. In order to enforce his prior judgment, Ryan served a writ of garnishment with notice of exemption and pending levy on the bank on February 3, 1992.

The writ of garnishment was for $38,100, the amount of Ryan's original judgment. However, since Ryan had not included interest in the first writ, he served a second writ of garnishment on the bank on March 5, 1992, showing an unpaid balance of $57,307.51. In its answers to the writs of garnishment from Ryan, the bank disclosed that Duffield had obtained a judgment against it, but that the judgment had been stayed pending appeal.

Immediately thereafter, the bank deposited United States Treasury bonds totaling $7,125,000 with a federal reserve institution as an appeal bond for the federal judgment. After the bond was posted, and faced with garnishments from Ryan and several other creditors of Duffield, the garnishee bank petitioned the United States District Court for permission to amend the bond so that it could pay the outstanding garnishments. Duffield argued that the bank had divested itself of ownership of the funds when it turned over possession and control of the treasury bonds to the clerk of the federal district court and that, since the clerk was then owner of the funds, the Supremacy Clause of the United States Constitution made the clerk immune from state court process.

The federal district court ruled that, once the bank had posted the bond, it had divested itself of ownership of the funds and, therefore, was not subject to the writs of garnishment. However, since Ryan had served his writs of garnishment on the bank after the jury award but before the bank divested itself of ownership of the funds, the garnishment could be valid. Therefore, the federal court ordered that $65,452.58 be deposited in the Denver District Court Registry so that the state court could determine the validity of the garnishments and Duffield's defenses to them and order payment in accordance with its findings to either Ryan or Duffield. Consequently, on March 4, 1994, the bank deposited those funds in the Denver District Court Registry.

After the bond was posted, Ryan served an updated writ of garnishment on the bank showing a balance of $65,077.82 with interest accruing at $10.41 per day on January 24, 1994. The bank answered that writ indicating that the case was still pending on appeal.

Prior to the bank's depositing the funds into the registry of the Denver District Court, Duffield filed motions to quash the enforcement of the garnishment and to stay the garnishment proceedings pending a hearing. Notwithstanding the pendency of those motions, the clerk of the Denver District Court released the funds to Ryan on March 21, 1994. Not knowing that the funds had been disbursed, Duffield filed a motion for disbursement of funds to him on April 29, 1994. Then, upon discovering that the funds had been disbursed to Ryan, Duffield filed a motion on May 4, 1994, requesting immediate return of the funds to the court and distribution of them to him.

On May 12, 1994, following a hearing, the trial court denied Duffield's motions and assessed attorney fees against him for the filing of at least one frivolous motion. This appeal followed.

## I. Validity of Wyoming Judgment

### A. Garnishment Lien

Duffield contends that, since Ryan had not executed on the Wyoming judgment within five years, the lien against his estate created by the judgment ceased to exist pursuant to Wyo.Stat. § 1–17–307 (1977) and, therefore, the trial court erred in enforcing it. Specifically, he argues that, although the judgment entered against him in Wyoming created a lien in favor of Ryan against his estate, because Ryan had not executed on the judgment within five years the lien ceased to exist. He further asserts that, since a garnishment constitutes a lien against the judgment debtor, by serving a writ of garnishment on the Colorado bank, Ryan was merely attempting to bring a cause of action in Colorado which could not be maintained in Wyoming and that such action is prohibited by § 13–80–110, C.R.S. (1987 Repl.Vol. 6A) (a cause of action that cannot be maintained in the state it arose by reason of lapse of time cannot be maintained in Colorado). We are not persuaded.

As a judgment creditor, a garnishor becomes a lien creditor upon service of the writ of garnishment on the garnishee. *Bowlen v. Federal Deposit Insurance Corp.*, 815 P.2d 1013 (Colo.App.1991). Nevertheless, since a garnishment is used to reach money, credits, debts, property, or other effects of a defendant which may be in the possession of or under the control of a third party, it is always auxiliary to a primary suit against the defendant to establish the requisite judgment. 1A C. Krendl, *Colorado Methods of Practice* § 801 (1989); *see also Steen v. Aetna Casualty & Surety Co.*, 157 Colo. 99, 401 P.2d 254 (1965) (garnishment proceeding is "ancillary"); *Wright v. Nelson*, 125 Colo. 217, 242 P.2d 243 (1952) (garnishment is an ancillary proceeding in aid of execution of an existing judgment).

Here, rather than reviving the judgment lien obtained in Wyoming and subsequently recorded in Colorado, Ryan's garnishments create new and separate liens against Duffield's estate. Further, the garnishments were not an effort by Ryan to maintain an action in Colorado that he could not maintain in Wyoming, but instead, were ancillary to the judgment previously obtained against Duffield.

Moreover, interpreting a statute upon which the Wyoming dormancy statute was

based in a similar case, the Ohio Supreme Court held that "while the judgment lien upon the debtor's estate is lost, *the judgment is still a valid judgment, and would sustain an action based upon it." Horn v. Lamblin,* 106 Ohio App. 215, 150 N.E.2d 316, 318 (1957) (emphasis added). Hence, regardless of whether the judgment in Wyoming became dormant, Ryan's right to levy upon Duffield's property through garnishment remained valid and enforceable. Accordingly, we reject Duffield's contentions.

### B. Amount of Garnishment

█ In the alternative, Duffield argues that the trial court could not order payment to Ryan of more than the amount stated in the original garnishment, $38,100. Again, we disagree.

C.R.C.P. 103 § 2(g) requires that, if an answer to a writ of garnishment shows that the garnishee is indebted to the judgment debtor, "the clerk shall enter judgment in favor of the judgment debtor and against the garnishee for the use of the judgment creditor...." Further, § 5–12–102(4), C.R.S. (1992 Repl.Vol. 2) states that "creditors shall be allowed to receive interest on any judgment recovered before any court authorized to enter the judgment within this state from the date of entering the judgment until satisfaction thereof is made...."

As a threshold matter, contrary to Duffield's assertion that only Ryan's first garnishment was served before the posting of the appeal bond by the bank, the record reveals that the first two garnishments were served prior to the posting of the appellate bond. The writs of garnishment were served on February 3, 1992, and March 5, 1992, and the bond, although deposited in the federal registry on March 5, was not approved until March 6, 1992, and verification of its posting was not made until March 10, 1992. Accordingly, the federal district court expressly found that Ryan's first two garnishments were served on the bank when it owed money to Duffield. Hence, the dispute over the amount subject to garnishment is the difference between the $57,307.51 stated in the second garnishment and the amount actually paid, not the $38,100 stated in the first writ.

Thus, pursuant to C.R.C.P. 103 § 2(g), the clerk was required to enter judgment against Duffield for Ryan's use and Ryan was statutorily entitled to receive interest thereon. Also, the trial court expressly found that the $65,452.58 garnished was not in excess of the judgment, with interest, to which Ryan was entitled. Therefore, we find no error.

### II. Payment by Clerk of the Court

Duffield next contends that the trial court erred in ruling that the clerk of the Denver District Court properly paid the garnished funds to Ryan. We reject this contention.

C.R.C.P. 103 § 2(h) states that, upon proper filing of a writ of garnishment, "[t]he clerk of the court *shall* disburse funds to the judgment creditor *without further application or order...."* (emphasis added)

█ Contrary to Duffield's assertions, there is nothing which requires the clerk of the court to obtain court approval. The fact that Duffield had applied for a stay has no effect on the clerk's authority to release the garnished funds. A party cannot enter a stay, only the court can. Not only had the trial court not entered a stay as requested by Duffield at the times the funds were disbursed, the court ultimately denied the motions for stay and for return of the garnished funds. Therefore, we find no error.

### III. Attorney Fees

Finally, Duffield contends that the trial court erred in awarding attorney fees against him for the filing of three frivolous motions. We perceive no error.

█ An award of attorney fees for the filing of frivolous motions rests within the sound discretion of the trial court, and its decision will not be disturbed on appeal absent abuse of that discretion. C.R.C.P. 121 § 1–15(7). Here, the trial court determined that Duffield's motions to set aside the garnishments had no merit. A review of the record reveals no abuse of discretion in these rulings, and accordingly, we reject Duffield's contention.

We decline Ryan's request that we award costs and attorney fees under C.A.R. 38(d)

for the filing of a frivolous appeal. *See Wood Bros. Homes, Inc. v. Howard,* 862 P.2d 925 (Colo.1993).

The order and the award of attorney fees are affirmed.

METZGER and PLANK, JJ., concur.